649 So.2d 566 (1994)
Donald R. SMITH, Plaintiff-Appellee,
v.
MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD OF EUNICE, et al, Defendant-Appellant.
No. 94-625.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
*567 Harry Kent Aguillard, Eunice, for Donald R. Smith.
James Winston Ardoin, Eunice, for Mun. Fire & Police Civ. Serv. Bd.
Before LABORDE, YELVERTON and DECUIR, JJ.
DECUIR, Judge.
This appeal arises from a district court ruling overturning a judgment of the Eunice Municipal Fire and Police Civil Service Board. The judgment in question demoted appellee, Donald Smith, from the rank of Assistant Chief of Police to the rank of Police Lieutenant and made him ineligible for promotional examination for one (1) year.

FACTS
The events giving rise to this disciplinary proceeding took place on September 14, 1987. On that evening members of the Eunice Police Department, including Smith and Police Chief Tony Fuselier, gathered at a local pizza establishment to watch Monday Night Football, play cards, and otherwise socialize. The event had been approved by Fuselier and advertised by Smith both on the police chalkboard and by word of mouth. Though not on his regular shift, Smith considered this function to be a "police function" and therefore arrived in his assigned police unit.
During the evening, Smith and several other officers drank a few beers. In Smith's case, the testimony suggests it was two to three beers and no one indicated that he appeared intoxicated. Later in the evening when the restaurant closed, Smith caught a ride with a fellow officer to a party at another police employee's home. Smith did not report his position to the dispatcher either on arrival at the pizza restaurant or at any other time during the evening, though he claims to have notified the dispatcher a week in advance that he would be attending the function.
Smith stayed at the second gathering for several hours and tasted a drink called a "Fuzzy Navel" and consumed one beer. Sometime after the conclusion of the football game, Smith asked for someone to take him back to his car at the pizza parlor. After he was dropped off, he proceeded in his police unit down Bobcat drive. During that time he observed the vehicle of Ginny Moody, a police dispatcher. Noting the late hour (approx. 1:00 A.M.) and knowing that Moody had some personal problems, he went to her home. In route, he was observed by two officers to be driving 55-60 mph in the posted 45 mph zone on Bobcat.
Several factors are of interest related to this observation. First, the officers did not have radar but instead estimated Smith's speed and attempted to follow for the approximately two tenths-of a mile before Smith turned off. Second, the officers gave different testimony about how they identified Smith and whether he was recognizable in the darkened interior of the car. Thirdly, the officers in question were out of their assigned zone and remained there for several hours contrary to general practice. Finally, both the officers involved had personal conflicts with Smith. In one instance, Smith had reprimanded the officer and recommended a suspension that led to his resignation. Smith also opposed this officer's rehiring by Fuselier and was disciplined himself in relation to that opposition. In the second instance, Smith had investigated a crime involving a family member of the officer and the officer was unhappy with Smith's investigation.
In any event, after sighting Smith, the two officers responded to a couple of calls and then drove by Smith's home looking for his car. Not finding it there, they returned to the area where they had seen him previously and rode around until they sighted his car in Moody's driveway. Both Smith and Moody confirm the visit and claim to have spoken outside for approximately twenty minutes. They also both reported seeing a light from a police cruiser as Smith was about to leave.
The testimony in this case also indicates that Fuselier served under Smith for many years and that the officers on the force acknowledge *568 animosity between the men. In fact, one officer testified that he was told by Fuselier that Smith would not serve in the Assistant Chief of Police position as long as he was chief. Furthermore, the evidence suggests that Fuselier had in the past condoned the actions of which Smith is accused and in fact failed to follow some procedures himself.
Based on the incidents described above, Fuselier ordered an investigation and ultimately recommended that Smith be demoted to Sergeant. After trying to dissuade Fuselier, the mayor signed the recommendation feeling that he had little choice. Smith appealed to the Civil Service Board and his demotion was changed to Police Lieutenant rather than Sergeant. Smith appealed this ruling to the district court. The district court reversed finding that the incidents even if proven did not warrant discipline. The City brought this appeal.

DISCUSSION
The City of Eunice alleges four errors on the part of the district court in reversing the decision of the Civil Service Board. These errors may be consolidated into an allegation that the district court's ruling is manifestly erroneous and an abuse of discretion.
The appropriate standard of appellate review in appeals from civil service disciplinary actions is to determine whether the conclusion reached by the Board was arbitrary, capricious, or characterized by an abuse of discretion. Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984); Lafayette v. Fire and Police Civ. Serv. Bd., 512 So.2d 533 (La.App. 3d Cir.1987). The decision of the Board will not be disturbed if made in good faith and for legal cause. LSA-R.S. 33:2501 E(3); Martin v. City of St. Martinville, 321 So.2d 532 (La.App. 3d Cir. 1975), writ denied, 325 So.2d 273 (La.1976). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of public service. The appointing authority (in this case, the City of Eunice) must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficient and orderly operation of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983); Laborde v. Alexandria Mun. Fire & Police, 566 So.2d 426 (La.App. 3d Cir.), writ denied, 568 So.2d 1055 (La.1990).
Applying these legal precepts to this case, we conclude that the district court did not err in reversing the ruling of the Civil Service Board. Specifically, we find that the Board's action in upholding Smith's demotion was arbitrary, capricious and without legal cause. The City of Eunice failed to prove a real and substantial relationship between Smith's conduct and the efficient and orderly operation of the police force.
The City produced evidence that Smith drank a couple of beers and later drove his police unit. They also produced evidence that Smith failed to notify dispatch of the location of the vehicle and in fact left it unattended in a public parking lot. The City, however, failed to demonstrate how these and the alleged speeding incident interfered with the efficient and orderly operation of the police department. To the contrary, the record reflects that the activities for which Smith was ordered demoted are in some instances encouraged and financed by the police chief and in other cases are common practice for supervisory officers.
While Smith's conduct may not have been the most prudent for an Assistant Chief of Police, the conduct neither individually nor cumulatively justifies his demotion to Police Lieutenant. In view of the City's failure to prove that Smith was demoted in good faith and for legal cause, we affirm the decision of the district court.
All costs of this appeal are assessed against appellants.
AFFIRMED.