655 So.2d 588 (1995)
Donald McDONALD, Plaintiff-Appellee,
v.
CITY OF SHREVEPORT, et al., Defendant-Appellant.
No. 26877-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
Office of the City Attorney, Lydia M. Rhodes, Shreveport, for appellant.
William B. King, Shreveport, for appellee.
Before NORRIS, HIGHTOWER and WILLIAMS, JJ.
WILLIAMS, Judge.
The City of Shreveport and the Municipal Fire and Police Civil Service Board ("Board") appeal a district court judgment *589 affirming the Board's determination that legal cause existed to discipline former City of Shreveport Police Corporal Donald McDonald, but reversing the officer's termination and reinstating him to employment. At issue on appeal is whether the district court's action in reversing and modifying the imposed penalty was contrary to the law and the evidence. We reverse.

FACTS
On March 13, 1992, Chief of Police, Stephen W. Prator, fired Detective McDonald from the Shreveport Police Department. Detective McDonald appealed his termination to the Board. The Board, after conducting an evidentiary hearing, voted unanimously that legal cause existed to justify disciplining the officer, and voted 3-2 in favor of upholding the termination. Detective McDonald then appealed his termination to the district court. The district court reviewed the record and reversed the Board's decision to uphold the termination, despite its conclusion that Detective McDonald needed to be disciplined. The district court then reinstated Detective McDonald and disciplined him by suspending him for sixty days without pay. From that judgment, the City of Shreveport and the Board have appealed.

DISCUSSION
A civil service board's decision, if made in good faith and for legal cause, should not be disturbed by the district court on appeal. Shields v. City of Shreveport, 565 So.2d 473, 480 (La.App. 2d Cir.), writ granted, 571 So.2d 637 (La.1990), aff'd, 579 So.2d 961 (La.1991); LSA-R.S. 33:2501(E)(3). The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. Shields, supra. More importantly,
a trial court is not free to substitute its opinion as to appropriate disciplinary action when it is shown that officers violated a valid departmental regulation, and that disciplinary action was necessary for the efficiency of the department and to avoid detriment to the public. The decision of the board will not be overturned on appeal, even as to the severity of the discipline, unless the record reveals an abuse of discretion, or an insufficiency of supporting evidence.
Shields, supra at 481 (citations omitted). See also Newman v. Dept. of Fire, 425 So.2d 753 (La.1983); McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2d Cir.1980), writ denied, 395 So.2d 1363 (La.1981); Dumez v. Houma Municipal Fire and Police Civil Service Board, 408 So.2d 403 (La.App. 1st Cir.1981).
Here, neither party has questioned the conclusions reached by the district court and the Board concerning the existence of legal cause to justify disciplining Detective McDonald. Thus, our only inquiry is whether the district court erred in finding that the Board abused its discretion in ratifying Detective McDonald's dismissal. See Shields, supra at 480.
A review of the record reveals McDonald violated departmental regulations. The last incident, which resulted in his termination, occurred on March 10, 1992. That night, after consuming alcohol, McDonald went to the home of his girlfriend, Carolyn Bell, and physically abused her. As a result, he was arrested for simple battery.
The record reveals the above infraction was not the only one committed by McDonald. On the same day of his arrest for physically abusing Ms. Bell, he failed to report to work and did not have a valid excuse for being absent. Similarly, he did not attend a required annual training academy and admitted in an inter-office communication that he had "no excuse for not reporting to school."
Additionally, in December 1990, McDonald confronted his father-in-law who was compelled to defend himself with a firearm. Approximately three weeks later, in January 1991, again after consuming alcohol, he battered his estranged wife. The Sheriff's Department was called on each of these occasions. McDonald was offered help via an employee assistance program, but he refused to participate. He received a reprimand and a "letter of instruction" for unbecoming conduct in connection with these incidents.
*590 In February 1991, McDonald was suspected of being suicidal. His weapon was taken from him, and he was instructed to get psychiatric help. In March 1991, he was admitted into a hospital for treatment of depression and alcoholism. Upon his discharge, he agreed to participate in an aftercare program. However, he never followed through on that promise.
Also in March 1991, McDonald received a "release to duty" letter which required him to submit to random drug testing and to periodically meet with his superiors for progress reports. In June and July 1991, he received verbal counseling from his supervisors because he failed to complete his assigned work in an acceptable manner; he had no desire to work after hours when needed, and his detective arrest ratio was far below the ratios of the other members in his department.
After reviewing the record, we conclude the Board did not act in bad faith in ratifying McDonald's dismissal. McDonald's conduct within the fifteen-month period immediately preceding his termination resulted in the Sheriff's Department being called on three different occasions and in his arrest. On two of those occasions, he physically abused different women. McDonald committed acts of insubordination in that he disobeyed orders to report to duty at the academy, and he performed his job in an unacceptable manner. The record supports the conclusion that McDonald violated valid departmental regulations and impaired the efficiency of the department. It cannot be said that McDonald's termination was arbitrary or capricious, or the result of prejudice or political expediency. See Shields, supra. We find no manifest error in the Board's decision to uphold McDonald's termination. Accordingly, the district court erred in reinstating McDonald's employment.

CONCLUSION
We reverse the district court's judgment insofar as it modifies the imposed penalty for Detective Donald McDonald and reinstate the action of the Board dismissing Detective Donald McDonald from the employ of the Shreveport Police Department. Costs of appeal are assessed to Detective Donald McDonald.
REVERSED.