# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-82


**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**

**VERSUS**

**DONALD CHAUVIN, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20023937
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billie Colombaro Woodard, and Marc T. Amy, Judges.

**REVERSED.**


**Richard D. Chappuis, Jr.**
**Kristen Broussard Menard**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, LA   70502**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Lafayette City-Parish Consolidated Government**

**M. Candice Hattan**
**Post Office Drawer 91850**
**Lafayette, LA   70509**
**(337) 234-0431**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Lafayette Municipal Fire & PoliceCivil Service Board**

**Louis L. Robein, Jr.**
**Andrea J. Wilkes**
**Robein, Urann & Lurye**
**Post Office Box 6768**
**2540 Severn Avenue, Suite 400**
**Metairie, LA   70009-6768**
**(504) 885-9994**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Donald Chauvin**

AMY, Judge.

The defendant firefighter was demoted and suspended for sixty calendar days after an internal affairs investigation of the "blue flue" or "sickout" of 2000. The defendant appealed to the Lafayette Municipal Fire and Police Civil Service Board, who conducted a hearing on the matter and overturned the discipline imposed. The Lafayette City-Parish Consolidated Government appealed the decision of the civil service board to the district court, who reversed, reinstating the defendant's punishment. The defendant now appeals the judgment of the district court on the basis that his punishment was not imposed in good faith and for just cause. For the following reasons, we reverse.

**Factual and Procedural Background**

According to the record, the events forming the basis for the present appeal stemmed from an alleged "blue flu" or "sickout" that occurred between March 31 and April 3, 2000, when 141 of Lafayette's 194 firefighters called in sick.[1] At this time, Donald Chauvin, defendant herein, was an engineer with the Lafayette Fire Department and was also president of the Lafayette Parish Firefighters' Association (hereinafter "the Union"). The record indicates that Mr. Chauvin did not call in sick during this particular weekend; instead, he worked during his assigned shift on March 31 and worked overtime on a shift that was understaffed due to absences.

On April 3, 2000, Lafayette Fire Chief Robert Benoit scheduled a meeting with Mr. Chauvin and his chain of command within the fire department.[2] The record reflects that at this meeting, Mr. Benoit asked Mr. Chauvin about the "sickout" and,

---

[1]This "sickout" likewise forms the basis for two other cases heard by panels of this court: *Lacombe v. Lafayette City-Parish Consolidated Government, et al.*, 03-483 (La.App. 3 Cir. 11/12/03), ___So.2d___; and *Lantier v. Lafayette City-Parish Consolidated Government, et al.*, 02-1318 (La.App. 3 Cir. 3/5/03), 839 So.2d 1176.

[2]The record indicates that this meeting was tape recorded.

more specifically, whether it was related to a collective bargaining agreement. In response, Mr. Chauvin explained that near the end of March 2000, a Baton Rouge newspaper printed an excerpt from a memorandum in which Mr. Benoit proposed that the fire department could save $500,000 if it did not fill twenty vacancies within the department and if it did not offer two promotions. Mr. Chauvin stated that after this article was published, the Union received numerous phone calls from concerned members. In turn, the Union attempted to schedule a conference with members of the Lafayette City Council before the council's next meeting. According to the record, Mr. Chauvin explained that although the Union had been assured that it would have an audience with the administration, days passed without its occurrence. Mr. Chauvin indicated that he thought that building frustration among firefighters regarding staffing, lack of communication, working conditions, and pay precipitated some to call in sick on Friday, March 31, 2000, and that absenteeism increased thereafter. The record reflects that when an officer in the chain of command inquired as to how long the "sickout" would last, Mr. Chauvin told him that it was not an organized Union activity; however, he assumed that it would end that day, April 3, because each of the respective crews would have had an opportunity to respond to the situation. Mr. Benoit then asked Mr. Chauvin if he might contact the particular person responsible for the "sickout" so that he might ask them to stop, and he further inquired as to whether Mr. Chauvin was the responsible party. The record indicates that Mr. Chauvin responded that he had not organized the "sickout," and he reiterated his opinion that because all three shifts had expressed their frustration, the "sickout" was over as of April 3.

Mr. Benoit subsequently initiated an internal affairs investigation into the alleged "sickout," conducted by members of the Lafayette Police Department. Mr.

2

Chauvin was interviewed as part of the investigation on April 19, 2000. According to the record, investigators asked Mr. Chauvin if he had any information as to why so many firefighters had called in sick during the weekend of March 31-April 3, 2000. Mr. Chauvin responded that he did not. Mr. Chauvin was then asked if he knew, before March 31, that the "sickout" would occur. Again, the record indicates that Mr. Chauvin responded in the negative. Moreover, Mr. Chauvin was asked if anyone had informed him of the reason why large numbers of firemen called in sick during the weekend in question; Mr. Chauvin stated that they had not.

The record contains a letter to Mr. Chauvin, dated June 25, 2001, in which Mr. Benoit set forth the punishment for Mr. Chauvin's actions in the wake of the "sickout." In this letter, Mr. Benoit explained that there were "several discrepancies" between Mr. Chauvin's statements to the internal affairs investigators and his statements during the earlier meeting with his chain of command. He observed that during the meeting with the chain of command on April 3, 2000, Mr. Chauvin indicated that he was present in his capacity as Union president in order to bring the Union's concerns before fire department officials. Mr. Benoit pointed out that according to Mr. Chauvin, he did not offer this same information during the internal affairs investigation because he felt that this information was his opinion, not the factual information that the internal affairs investigation was seeking. Mr. Benoit concluded that Mr. Chauvin had violated Lafayette Consolidated Government Policy and Procedure Manual 261-2[3] and La.R.S. 33:2500(3). He noted that Mr. Chauvin had an opportunity during the internal affairs investigation to repeat those sentiments

---

[3]The record indicates that Lafayette Consolidated Government Policy and Procedure Manual 261-2, "conditions of employment," states, in pertinent part, under the heading of "Requirements," section 1.2: "To cooperate and assist in any work-related administrative investigation and to answer any related questions completely and truthfully."

expressed during the meeting with the chain of command, but he did not. Accordingly, he demoted Mr. Chauvin, who had just attained the rank of captain, to his former rank of engineer and suspended him for sixty calendar days.

Mr. Chauvin timely appealed this disciplinary action to the Lafayette Municipal Fire and Police Civil Service Board (hereinafter "civil service board" or "board"). The record reflects that after a hearing on July 9, 2002, the civil service board determined, in a 3-2 vote, to overturn the discipline imposed. The board ascertained that Mr. Chauvin did not violate Lafayette Consolidated Government Policy and Procedures 261-2, Section 1.20 and Fire Department Policy and Procedure, 84-01, Section III, Paragraph 2, regarding cooperation with internal investigations and answering related questions completely and truthfully. It further determined that Mr. Benoit did not act in good faith and for cause in disciplining Mr. Chauvin.

The Lafayette City-Parish Consolidated Government appealed the civil service board's determination to the Louisiana Fifteenth Judicial District Court, and a hearing was held in the matter on July 7, 2003. According to the transcript of the proceedings, the trial judge indicated that in arriving at a decision in the matter, he felt it necessary to resolve the following question: "Does Consolidated Government have any compelling interest in assuring that its employees are honest and forthright and completely divulging of information with regard to work-related activity at all settings?" The judge further indicated that he understood the term "information" to include both facts and opinions. At the conclusion of arguments, the trial judge determined that "the Consolidated Government has a substantial interest in maintaining the integrity of the fire department through requiring all employees to cooperate in work-related investigations and to answer any related questions

4

completely and truthfully." He further ruled that "the decision of the Civil Service Board was contrary to law and order" and ordered it overturned.

Donald Chauvin appeals the judgment of the district court, asserting the following assignments of error:

1. The district court erred in reversing the decision of the civil service board.

2. The district court erred in failing to find that the board's decision was not made in good faith for cause pursuant to La.R.S. 33:2501(E)(3).

3. The district court did not conduct an appellate review of the board's decision in good faith or for legal cause but rather for expediency.

4. The district court's reversal of the board as "contrary to law" has no support in analysis as conducted under Louisiana law.

**Discussion**

Article X, Section 8(A) of the Louisiana Constitution, governing disciplinary actions as to classified civil servants, provides that "[n]o person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing." In this context, "cause" is that which "includes conduct prejudicial to the public service involved or detrimental to its efficient operation." *Bannister v. Dept. of Streets*, 95-404, pp. 4-5 (La. 1/16/96), 666 So.2d 641, 645. In its opinion in *Bannister*, the supreme court also observed that "[e]ssentially, civil service laws and rules establish a system under which 'non-policy forming' public employees are selected on the basis of merit and can be discharged only for insubordination, incompetency, or improper conduct, and not for religious or political reasons." *Id*.

Louisiana Revised Statutes 33:2500 outlines the circumstances under which civil service employees may be subject to disciplinary action. In the context of the instant matter on appeal, the following provisions of La.R.S. 33:2500 are controlling:

5

A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:

. . . .

(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.

In addition, La.R.S. 33:2501(A) provides that an appeal may be taken from disciplinary action imposed by an appointing authority:

Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

We note that, pursuant to La.R.S. 33:2501(E)(3), appellate review of a civil service board's determination in a disciplinary matter is limited to a review as to whether the board's decision was made in good faith and for cause, in accordance with the following considerations:

If made in good faith and [for] statutory cause, a decision of the civil service board cannot be disturbed on judicial review. *Smith v. Municipal Fire & Police Civil Service Bd.*, 94-625 (La.App. 3 Cir. 11/02/94), 649 So.2d 566; *McDonald v. City of Shreveport*, 655 So.2d 588 (La.App. 2 Cir. 1995). Good faith does not occur if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. *Martin v. City of St. Martinville*, 321 So.2d 532 (La.App. 3 Cir.1975), *writ denied*, 325 So.2d 273 (La.1976). Arbitrary or capricious means the lack of a rational basis for the action taken. *Shields v. City of Shreveport*, 579 So.2d 961 , 964 (La.1991); *Bicknell v. United States*, 422 F.2d 1055 (5th Cir.1970). The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. *Shields v. City of Shreveport*, 565 So.2d 473, 480 (La.App. 2 Cir.), *aff'd*, 579 So.2d 961 (La.1991). Likewise, the intermediate appellate court and our review of a civil service board's findings of fact are limited. *Shields*, 579 So.2d at 964. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of

6

manifest error. *Id.*; *City of Kenner v. Wool*, 433 So.2d 785, 788 (La.App. 5 Cir. 1983).

*Moore v. Ware*, 01-3341, pp.7-8 (La. 2/25/03), 839 So.2d 940, 945-46. Furthermore, in *Evans v. DeRidder Municipal Fire and Police Civil Service Board*, 01-2466, pp. 4-5 (La. 4/3/02), 815 So.2d 61, 66, the supreme court commented that

> The Commissioner, or Board, has a duty to decide independently from the facts presented whether the appointing authority . . . had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment imposed is commensurate with the dereliction. *Walters* [*v. Department of Police of the City of New Orleans*, 454 So.2d 106 (La.1984)], *supra*.

There is no indication in the transcript of the hearing below that the trial judge reviewed this matter pursuant to the good-faith/cause inquiry, with deference to the findings of the civil service board; instead, it appears from the record that he conducted a review of the situation and the facts from an ostensible *de novo* standard, using the following question as a benchmark: "Does Consolidated Government have any compelling interest in assuring that its employees are honest and forthright and completely divulging of information with regard to work-related activity at all settings?" It appears from the record that, employing this legal standard, the trial judge determined that the Consolidated Government did, in fact, have such a compelling interest, and he reversed the civil service board's decision accordingly.

We note that, pursuant to La.R.S. 33:2501(E)(1), the district court in this matter was sitting in review of the civil service board's decision,[4] and, as such, it was restricted in its review to the standards outlined in La.R.S. 33:2501(E)(3)—namely,

---

[4]Louisiana Revised Statute 33:2501(E)(1) provides as follows:
    Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in the civil suits of the parish wherein the board is domiciled.

7

a determination as to whether the civil service board's decision was in good faith and for legal cause. In *Walsworth v. Municipal Fire & Police Civil Service Bd. of City of Shreveport*, 567 So.2d 712, 714 (La.App. 2 Cir. 1990), the second circuit described the scope of review of a district court sitting in review of an appeal from a decision of a civil service board, noting that:

> [j]udicial review authorized by § 2501 does not contemplate a trial *de novo*. *Linton v. Bossier City Municipal Fire and Police Civil Service Board*, 428 So.2d 515 (La.App. 2d Cir.1983). The trial court sits as a reviewing court in this instance and is to look only at the record and the evidence presented to the Board to determine whether the Board's decision was made in good faith for cause.

We find that the district court erred as a matter of law in applying an incorrect legal standard to its review of the instant matter. Accordingly, we review the matter *de novo*. *See Bonnette v. Conoco, Inc.*, 01-2767, p. 11 (La. 1/28/03), 837 So.2d 1219, 1227.

Our review of the record indicates that the ruling of the civil service board was in good faith and for cause. The record reflects that Mr. Chauvin did not participate in the "sickout;" moreover, when he was asked about it in the April 3, 2000 meeting, he noted that because the Union had not organized any such activity, he could only speculate as to why so many firefighters had called in sick. The civil service board accepted Mr. Chauvin's explanation that he had not reiterated statements made in the April 3 meeting during the internal affairs investigation because he thought the investigators wanted facts, not opinions. Accordingly, the civil service board determined that Mr. Chauvin had not violated the rules pertaining to cooperation with and truthfulness in internal investigations and reversed his demotion and suspension. Based upon our review of the record, we find that the decision of the civil service

8

board was in good faith and for cause. We therefore reverse the trial court's ruling in which it reinstated the disciplinary action taken against Mr. Chauvin.

**DECREE**

For the foregoing reasons, the ruling of the district judge is reversed, and the decision of the Lafayette Municipal Fire and Police Civil Service Board is reinstated. Costs of this proceeding are assigned to the appellee, the Lafayette City-Parish Consolidated Government.

**REVERSED.**