# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 10-82

CHARLES MCCALL

VERSUS

CITY OF ALEXANDRIA

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 235,808
HONORABLE GEORGE METOYER, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.

**REVERSED.**

Steven M. Oxenhandler
Misty Shannon Antoon
Gold, Weems, Bruser, Sues & Rundell
2001 MacArthur Drive
Post Office Box 6118
Alexandria, Louisiana 71307-6118
(318) 445-6471
COUNSEL FOR DEFENDANT/APPELLANT:
    City of Alexandria


Daniel E. Broussard, Jr.
Broussard, Halcomb & Vizzier
912 5th Street
Post Office Box 1311
Alexandria, Louisiana 71309-1311
(318) 487-4589
COUNSEL FOR PLAINTIFF/APPELLEE:
    Charles McCall

**GENOVESE, Judge.**

Plaintiff, Charles McCall, a police officer with the Alexandria Police Department (APD), was terminated by the City of Alexandria (City) for using excessive force during an arrest. Officer McCall appealed to the Alexandria Municipal Fire and Police Civil Service Board (Civil Service Board), which conducted a hearing on the matter and upheld Officer McCall's termination. Officer McCall appealed the decision of the Civil Service Board to the Ninth Judicial District Court, which reversed Officer McCall's termination and imposed the discipline of suspension. The City now appeals the judgment of the district court. For the following reasons, we reverse.

## DISCUSSION OF THE RECORD

According to the record, the incident forming the basis of the present appeal occurred on February 17, 2009, while Officer McCall was on duty as an Alexandria City Police Officer. On that evening, the Alexandria Police Department received a complaint from Ms. Sarah Brame that her boyfriend, Mr. James Lumpkin, III, was intoxicated, causing a disturbance, and refusing to leave her home. Officer McCall assisted Corporal Blake Butler (Cpl. Butler) and Officer Andre Williams in responding to the disturbance call from Ms. Brame's residence. Mr. Lumpkin was subsequently apprehended, placed in handcuffs, and put on his knees, while Cpl. Butler obtained a statement from Ms. Brame. In his hand-written statement, Officer McCall admitted that he "became angry and kicked [Mr.] Lumpkin in the stomach, causing him to lay on the ground." The instant matter arises from this incident and the concomitant allegations that Officer McCall used excessive force against Mr. Lumpkin.

After an internal investigation was completed, Officer McCall received written

notification on March 11, 2009, from Alexandria Chief of Police, Daren Coutee (Chief Coutee), that his attendance was required at a pre-termination hearing on March 19, 2009. The letter also declared that "a very serious allegation of excessive force" had been lodged against him and that it was Chief Coutee's "intent to recommended [Officer McCall's] immediate termination" at said hearing. Following the pre-termination hearing, Officer McCall received the written decision on April 1, 2009, that his employment with the APD had, in fact, been terminated.

Officer McCall appealed his termination to the Civil Service Board. The appeal was heard by the Civil Service Board on June 15, 2009. Following the hearing, the Civil Service Board affirmed the City's decision which terminated Officer McCall's employment with the APD.

Officer McCall filed an appeal of the Civil Service Board's decision with the Ninth Judicial District Court, Parish of Rapides. Officer McCall raised the following as bases for his appeal to the district court:

1.    [Officer McCall] was not [afforded] due process in accordance with the mandate of Article 1, Section 2[,] of the Louisiana Constitution in that the City acted in a manner to prejudice the Board against [him]:

    (a)    Specifically, the City's letter of termination of Officer McCall contained superfluous, redundant and repetitive statements concerning [his] self-reported, unwitnessed sole act of excessive force that gave rise to his termination; and

    (b)    Additionally, by a pre-hearing letter dated June 2, 2009[,] to all [Civil Service] Board members, a copy of which was not timely served on [Officer McCall's] undersigned counsel, the City attempted to amend the letter of termination to add additional contentions in support of the City's actions in this matter.

2.    The [Civil Service] Board erred in failing to modify the

2

disciplinary action taken by the [City] by either rescinding it or finding said action excessive under the circumstances or reducing it to such other lesser punishment that was commensurate and appropriate with the facts and circumstances.

3.  In making its decision, the [Civil Service] Board failed to consider and review the punishment given in the past by the City to other similarly situated [APD] employees for other more egregious incidences of misconduct involving excessive force on an arrestee.

4.  The [Civil Service] Board erred in refusing to review and/or admit as evidence videos of two (2) excessive force incidences by other APD employees that resulted in only minor punishment (2-3 days suspension) to the employees involved. A proffer of these two (2) videos was made at the hearing.

5.  The [Civil Service] Board erred in considering the mitigating facts that the City did not follow its disciplinary protocol and that no other APD employee who had been involved in similar incidences as charged to [Officer McCall] had ever been terminated for their first offense of excessive force.

6.  The [Civil Service] Board erred in failing to grant Officer McCall's appeal and his asking that his termination be rescinded and nullified and that he be awarded full back pay for any time lost as a result thereof. Additionally, he requested that he be awarded reasonable attorney fees.

Officer McCall's appeal was heard by the district court on October 19, 2009.

Following the hearing, the district court issued the following oral ruling:

[A]fter listening to the arguments of counsel, reading the briefs and the testimony attached to the briefs, the court finds that the Civil Service Board was arbitrary and capricious in their [sic] finding; that the discharge was not proper; that a suspension would have served the purpose as opposed to a firing.

A judgment to this effect was signed on November 2, 2009. The City appeals.

**ASSIGNMENTS OF ERROR**

In bringing this appeal, the City presents several errors it alleges were committed by the district court in its reversal of the Civil Service Board's decision:

3

**Error No. 1:**  The trial court erred as a matter of law in failing to adhere to the mandate of [La.R.S.] 33:2501(E)(3), which specifically limits the district court's reviewing authority to determining whether the . . . Civil Service Board's decision was made in "good faith" and "for cause."

**Error No. 2:**  The trial court erred as a matter of law in substituting its judgment for that of the . . . Civil Service Board, by reducing a termination to a suspension.

**Error No. 3:**  The trial court erred as a matter of law in rendering an internally inconsistent judgment.

**Error No. 4:**  Despite it being *clearly established* that a police officer may *not use excessive force against a hand-cuffed, secured citizen who does not pose any physical threat to officers or to other members of the public*, the trial court erred as a matter of law in holding that "the discharge was not proper."

**Error No. 5:**  The trial court erred as a matter of law, when reviewing acts by other officers and their concomitant punishments, and holding that a "suspension would have served the purpose as opposed to a firing" when [Officer] McCall's misconduct was much more egregious than the acts of other officers.

## LAW AND DISCUSSION

Although the City delineates numerous assignments of error, essentially its contentions are: (1) that the district court was manifestly erroneous in reversing the Civil Service Board's decision by misapplying the standard of review set forth in La.R.S. 33:2501(E)(3);[1] and (2) that the district court acted beyond the scope of its authority and substituted its own judgment for that of the Civil Service Board.

Louisiana Revised Statutes 33:2501(A)[2] affords Officer McCall, as a classified

_____

[1]Louisiana Revised Statutes 33:2501(E)(3) provides that an appeal from the decision of a civil service board "shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part.  No appeal to the court shall be taken except upon these grounds and except as provided in Subsection D of this Section."

[2]Louisiana Revised Statutes 33:2501(A) provides:

Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action.  The board

civil servant, the opportunity to have his termination by the City reviewed by the Civil Service Board. The Civil Service Board shall then conduct "a hearing and investigation . . . to determine the reasonableness of the action." *Id.*

Any appeal from a decision of the Civil Service Board shall be made to the district court wherein the Civil Service Board is domiciled. *See* La.R.S. 33:2501(E)(1).[3] Louisiana Revised Statutes 33:2501(E)(3) mandates that "[t]his hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause[.]" In *Moore v. Ware*, 01-3341, pp. 7-8 (La. 2/25/03), 839 So.2d 940, 945-46, the Louisiana Supreme Court explained that:

> If made in good faith and statutory cause, a decision of the civil service board cannot be disturbed on judicial review. *Smith v. Municipal Fire & Police Civil Service Bd.*, 94-625 (La.App. 3 Cir. 11/02/94), 649 So.2d 566; *McDonald v. City of Shreveport*, 655 So.2d 588 (La.App. 2 Cir.1995). Good faith does not occur if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. *Martin v. City of St. Martinville*, 321 So.2d 532 (La.App. 3 Cir.1975), *writ denied*, 325 So.2d 273 (La.1976). Arbitrary or capricious means the lack of a rational basis for the action taken. *Shields v. City of Shreveport*, 579 So.2d 961, 964 (La.1991); *Bicknell v. United States*, 422 F.2d 1055 (5 Cir.1970). The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. *Shields v. City of Shreveport*, 565 So.2d 473, 480 (La.App. 2 Cir.), *aff'd*, 579 So.2d 961 (La.1991). Likewise, the intermediate appellate court and our review of a civil service board's findings of fact are limited. *Shields*, 579 So.2d at 964. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. *Id.*; *City of Kenner v. Wool*, 433 So.2d 785, 788 (La.App. 5 Cir.1983).

---

shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

[3]Louisiana Revised Statutes 33:2501(E)(1) provides:

> Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.

Thus, we review the judgment of the district court applying the manifest error standard of review.

Our review of the transcript of the hearing before the district court reveals no indication that the district court gave any deference to the findings of the Civil Service Board. Though the district court opined that it found the Civil Service Board "was arbitrary and capricious in [its] finding[,]" the district court did not explain its ruling any further except to state that it felt "a suspension would have served the purpose as opposed to a firing." We infer from said opinion that the district court found that Officer McCall was terminated without good faith and that no rational basis existed for said termination. We disagree.

Our review of the record indicates that the decision of the Civil Service Board to uphold the City's termination of Officer McCall was in good faith and for cause. The basis for Officer McCall's termination was the use of excessive force against a suspect who was handcuffed behind his back, and who was kneeling when he was kicked in the stomach. The record reflects that Officer McCall admittedly used excessive force while on duty as an Alexandria Police Officer.

The internal investigation of Officer McCall's actions revealed that Officer McCall violated seven rules of the Alexandria Police Department. The City based its decision to terminate Officer McCall upon these violations and its conclusion that Officer McCall's "actions reveal that [he has] an utter disregard for the rules and policies of the APD[]" and that his actions show that he is "unable to maintain [his] temper, unable to control [his] anger[,] and [that he did] react to [a] relatively minor transgression[] with rage."

At the hearing before the Civil Service Board, Officer McCall argued that other

6

officers did equally or more egregious acts of aggression, but received a far lesser punishment. Officer McCall reiterated at the hearing before the district court that his termination was harsh in comparison to the discipline imposed against other officers. The Civil Service Board did not find this argument persuasive; however, the district court apparently gave credence to Officer McCall's assertion in deciding that "suspension would have served the purpose as opposed to a firing." We find the district court erred in its finding that the facts and evidence in the record of these proceedings do not support Officer McCall's termination as being in good faith and for cause. The district court's reversal of Officer McCall's termination was manifestly erroneous. Thus, the judgment of the district court is reversed and the decision of the Civil Service Board upholding the City's termination of Officer McCall is reinstated.

## DECREE

For the foregoing reasons, the judgment of the district court is reversed, and the decision of the Alexandria Municipal Fire and Police Civil Service Board upholding the City of Alexandria's termination of Officer Charles McCall is reinstated. All costs of these proceedings are assessed to the Appellee, Officer Charles McCall.

**REVERSED.**