NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-672

DANA BROUSSARD

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED GOV., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20135239
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Stanley Stephen Spring, II
Spring, Spring & Associates
733 East Airport Ave. #104
Baton Rouge, LA 70806
(225) 932-9671
COUNSEL FOR PLAINTIFF-APPELLANT:
     Corporal Dana Broussard

**John Christopher Alexander**
**Attorney at Law**
**P. O. Box 66989**
**Baton Rouge, LA 70896**
**(225) 761-9456**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Corporal Dana Broussard**

**Michael Patrick Corry**
**Hallie P. Coreil**
**Briney Foret Corry**
**P. O. Box 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANTS-APPELLEES:**
    **Lafayette City-Parish ConsolidatedGovernment**
    **Lafayette Police Department**

**PICKETT, Judge.**

Corporal Dana Broussard of the Lafayette City Police Department appeals the judgment of the trial court affirming the disciplinary action imposed upon her by the Lafayette Chief of Police and upheld by the Lafayette Fire and Police Civil Service Board.

## STATEMENT OF THE CASE

Corporal Broussard filed a complaint against Sergeant Michael Brown, alleging that Sergeant Brown worked an excessive number of hours. Sergeant Brown filed a complaint against Corporal Broussard for conducting an unauthorized investigation in retaliation for Sergeant Brown's previous discipline of Corporal Broussard for failure to obey orders. Following an investigation of Corporal Broussard, Lafayette Chief of Police Jim Craft issued a Letter of Reprimand to Corporal Broussard for conducting an unauthorized investigation, devoting on-duty time to non-police activities, and untruthfulness in the investigation. Corporal Broussard appealed the decision to the Lafayette Fire and Police Civil Service Board (the Board) pursuant to La.R.S. 33:2501(A). After a full hearing, the Board upheld the decision of Chief Craft, particularly as it related to Corporal Broussard's failure to be straightforward with the Internal Affairs investigators. Specifically, the Board passed a motion to uphold the action of the Chief based on violations of professional conduct and failure to cooperate with Internal Affairs' investigation.

Corporal Broussard appealed the decision of the Board to the district court in conformity with La.R.S. 33:2501(E)(1). The district court found the decision was made in good faith and for cause and affirmed the issuance of the Letter of

Reprimand. *See* La.R.S. 33:2501(E)(3). Corporal Broussard now appeals that judgment.

The Lafayette Police Department asks that we dismiss this appeal as moot. It cites the fact that the Letter of Reprimand received by Corporal Broussard has already been removed from her personnel file because eighteen months have elapsed. We decline to dismiss the appeal because it requires us to take notice of facts not in the record on appeal. *See* La.Code Civ.P. art. 2164.

## ASSIGNMENT OF ERROR

On appeal, Corporal Broussard asserts one assignment of error:

The Board's ruling with regard to her alleged violation(s) was arbitrary, capricious, and an abuse of discretion, and the District Court's determination that "the Board's decision was made in good faith and for cause" was and is in error and should be reversed. Thus, the trial court erred in the following respects:

1. By finding the Board's decision was made in good faith and for cause;

2. By affirming/ratifying a ruling of the Board not based on or supported by substantial evidence and which was otherwise manifestly erroneous in the premises.

## DISCUSSION

This court fully outlined the law regarding discipline of civil service employees and the courts' role in reviewing decisions of a civil service board in *Lafayette City-Parish Consolidated Government v. Chauvin*, 04-82, pp. 5-7 (La.App. 3 Cir. 6/9/04), 875 So.2d 1023, 1027-28(alterations in original):

Article X, Section 8(A) of the Louisiana Constitution, governing disciplinary actions as to classified civil servants, provides that "[n]o person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing." In this context, "cause" is that which "includes conduct prejudicial to the public service involved or detrimental to its efficient operation." *Bannister v. Dept. of Streets*, 95-404, pp. 4-5 (La.1/16/96), 666 So.2d 641, 645. In its opinion in

2

*Bannister,* the supreme court also observed that "[e]ssentially, civil service laws and rules establish a system under which 'non-policy forming' public employees are selected on the basis of merit and can be discharged only for insubordination, incompetency, or improper conduct, and not for religious or political reasons." *Id.*

Louisiana Revised Statutes 33:2500 outlines the circumstances under which civil service employees may be subject to disciplinary action. In the context of the instant matter on appeal, the following provisions of La.R.S. 33:2500 are controlling:

> A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:
> . . . .
>
> (3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.

In addition, La.R.S. 33:2501(A) provides that an appeal may be taken from disciplinary action imposed by an appointing authority:

> Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

We note that, pursuant to La.R.S. 33:2501(E)(3), appellate review of a civil service board's determination in a disciplinary matter is limited to a review as to whether the board's decision was made in good faith and for cause, in accordance with the following considerations:

> If made in good faith and [for] statutory cause, a decision of the civil service board cannot be disturbed on judicial review. *Smith v. Municipal Fire & Police Civil Service Bd.*, 94-625 (La.App. 3 Cir. 11/02/94), 649 So.2d 566; *McDonald v. City of Shreveport*, 655 So.2d 588 (La.App. 2 Cir.1995). Good faith does not occur if the appointing authority acted arbitrarily or capriciously, or

3

as the result of prejudice or political expediency. *Martin v. City of St. Martinville*, 321 So.2d 532 (La.App. 3 Cir.1975), *writ denied*, 325 So.2d 273 (La.1976). Arbitrary or capricious means the lack of a rational basis for the action taken. *Shields v. City of Shreveport*, 579 So.2d 961, 964 (La.1991); *Bicknell v. United States*, 422 F.2d 1055 (5th Cir.1970). The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. *Shields v. City of Shreveport*, 565 So.2d 473, 480 (La.App. 2 Cir.), *aff'd*, 579 So.2d 961 (La.1991). Likewise, the intermediate appellate court and our review of a civil service board's findings of fact are limited. *Shields*, 579 So.2d at 964. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. *Id.*; *City of Kenner v. Wool*, 433 So.2d 785, 788 (La.App. 5 Cir.1983).

*Moore v. Ware*, 01-3341, pp. 7-8 (La.2/25/03), 839 So.2d 940, 945-46. Furthermore, in *Evans v. DeRidder Municipal Fire and Police Civil Service Board*, 01-2466, pp. 4-5 (La.4/3/02), 815 So.2d 61, 66, the supreme court commented that

The Commissioner, or Board, has a duty to decide independently from the facts presented whether the appointing authority . . . had good or lawful cause for taking the disciplinary action, and, if so, whether the punishment imposed is commensurate with the dereliction. *Walters* [*v. Department of Police of the City of New Orleans*, 454 So.2d 106 (La.1984)], *supra*.

After reviewing the transcript of the hearing before the Board and the evidence presented at that hearing, we agree with the trial court that the Chief acted in good faith and for cause. It is clear that Corporal Broussard, in violation of the policies of the Lafayette City Police Department, conducted an investigation into the on-duty and off-duty hours worked by Sergeant Brown. She admitted to logging on to the Department's computer system and making specific inquiries about Sergeant Brown. She also talked to Officer Heather Martin about a location where both she and Sergeant Brown did off-duty work. Corporal Broussard later sent an e-mail to Officer Martin, then texted her and asked her to delete the e-mail.

When she asked the officer in charge of scheduling off-duty work, Sergeant Monte Potier, about the possibility that an unnamed officer was working excessive hours, Sergeant Potier informed her that he was aware of Sergeant Brown's hours. He also instructed her to pass along any information she had to either Internal Affairs or her chain of command. Importantly, when she spoke to Internal Affairs, she claimed she never talked to Sergeant Potier about Sergeant Brown.

Corporal Broussard also spoke to Detective Pat Pattum of Internal Affairs about off-duty security hours. Detective Pattum, who enters information about hours worked into the Department's computer system, figured out that she was talking about Sergeant Brown. He told Corporal Broussard that she should not be conducting an investigation and that if she had concerns she should report them to Internal Affairs or her chain of command.

When Corporal Broussard reported her concerns to her supervisor, Captain Cornell Montgomery, she provided a printed list of the hours Sergeant Brown had worked that she obtained from the computer system. She stated that her concerns stemmed from reports within the squad that Sergeant Brown was sluggish, tired, and did not answer his radio. She specifically mentioned Officer Wilson and Officer Jason Betts as other members of the Department who had voiced concerns. Both officers denied that they raised any issue about Sergeant Brown with Corporal Broussard in their statements to Internal Affairs and in their testimony to the Board.

Chief Craft testified that he believed Corporal Broussard had conducted an unauthorized investigation, in violation of Department policy. She failed to immediately report wrongdoing, in violation of Department policy. She did not cooperate in the Internal Affairs' investigation when she denied speaking to

Sergeant Potier, in violation of Department policy. Chief Craft determined that the lowest level of discipline available to him, a Letter of Reprimand, was warranted, based on the fact that the resulting investigation of Sergeant Brown revealed he had indeed worked an excessive number of hours.

In its deliberations, the Board made clear that it was less concerned about the charges of Corporal Broussard conducting an unwarranted investigation, calling it a whistlebower situation. The motion to uphold the Letter of Reprimand for violation of professional conduct and failure to cooperate with Internal Affairs passed four to one.

In her brief, Corporal Broussard claims that she was never provided with the Police Officer's Bill of Rights. In fact, during her first interview with Detective Shawn Terro, she signed a form acknowledging receipt of a copy of her rights on November 2, 2012. She claims she was not conducting an investigation because the information she found on the Department computer system was available to any officer. The testimony before the Board was that Corporal Broussard's use of that information was beyond the scope of her authority.

Captain Montgomery, Sergeant Potier, Detective Terro, Officer Wilson, and Officer Betts all gave statements to Internal Affairs and before the Board that Corporal Broussard mischaracterized conversations with each of them. Ultimately, Corporal Broussard's credibility is a determination left to the Board. In this case, her lack of credibility is also ultimately the reason the Chief's disciplinary action was upheld.

## CONCLUSION

We find no manifest error in the findings of the Board. The Chief of Police's issuance of a Letter of Reprimand to Corporal Dana Broussard was for cause and made in good faith. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Corporal Broussard.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.