902 So.2d 1202 (2005)
Warren V. LEE, Plaintiff-Appellant
v.
CITY OF WEST MONROE, Defendant-Appellee.
No. 39,611-CA.
Court of Appeal of Louisiana, Second Circuit.
May 11, 2005.
*1203 Carl D. Walker, for Appellant.
Blackwell, Chambliss, Henry Caldwell, Cagle & Camp, LLP, by Douglas C. Caldwell, West Monroe, for Appellee.
Before WILLIAMS, DREW and MOORE, JJ.
MOORE, J.
Warren Lee, a captain in the West Monroe Police Department, appeals a judgment affirming the action of the West Monroe Fire and Police Civil Service Board, which declined to promote him to major because he failed the department's physical fitness test. We affirm.

Procedural Background
Lee, a captain in the department since April 1995, sought a promotion to the rank of major. He was the most senior captain on the force, having joined in 1979. One of the requisites for any promotion was passing a three-part physical fitness test which the department adopted in January 1995. This included a 300-meter run which Lee had to complete in 71 seconds. Lee, who stands 5'11" and weighs 230 lbs., failed this test on all nine attempts between September and December 2002; his best time was 73 seconds. A less senior captain, who successfully completed the test, got the promotion.
Lee appealed to the West Monroe Fire and Police Civil Service Board ("the Board"), which held a hearing in February 2003. At the hearing, Chief Larry LaBorde testified that physical fitness tests for promotions were required by state law, La. R.S. 33:2493 and 33:2500, and he described the process by which the department had adopted the Cooper Institute physical fitness test. He admitted that he never conducted a validation study to correlate the needs of his department to the Cooper Institute criteria, but testified that their standards are used nationwide. He also admitted that major is largely an administrative position, but emphasized that every officer, from the chief down, must be able to perform all the physical duties of a police officer.
The city also called Andrew Carroll, the department's professional standards administrator, who holds certification from the Cooper Institute and developed the physical fitness policy. He testified that the Cooper standards are based on population norms and that the department requires performance in at least the 30th *1204 percentile for any incumbent officer to be promoted. This means that the officer must perform better than 30% of the general population of the same age as the officer in pushups, situps and a 300-meter run. He also testified that a validation study would not be useful because the West Monroe Police Department was so small in number. In 2002, of 55 officers only one failed the physical test.
Lee introduced the seniority list, a copy of the class plan for major, and copies of Board minutes from January 1995 through April 1998 dealing with the adoption of the fitness policy. He related that he had dieted, trained and lost 35 lbs. before attempting the fitness test, and failed the 300-meter run by a mere 2 seconds. He was aware of the fitness test as a requisite for promotion, having taken it before he was promoted to captain; he did not recall how he scored at that time. He maintained that his physical condition had never impaired his ability to serve as captain. He also testified that major was a more administrative position, involving less street work, than captain. Lee called one current and one former West Monroe police major who agreed that the major's job was mostly shift scheduling and much less strenuous than that of captain. Finally, Lee called a former member of the Board, Brian Rogers, who testified that to his knowledge the Board had never amended the class plan for major to include a physical fitness test.
After receiving 4½ hours of testimony, the Board voted 3-2 to uphold the city's action.
Lee then filed this civil service appeal with the district court. He alleged that the Board was arbitrary and capricious and without cause in finding that the physical fitness test (1) is rationally related to the job performance of major and (2) was ever made part of the class plan for major. The city responded that six weeks after the instant Board hearing, the supreme court approved the department's physical fitness exam in the analogous case of Moore v. Ware, XXXX-XXXX (La.2/25/03), 839 So.2d 940. The appellant in Moore had been denied promotion from officer to sergeant because he failed the physical fitness test.
The district court held a hearing, confined to arguments only, in March 2004; by agreement of counsel, this was not transcribed. The court issued comprehensive written reasons in May 2004. These set out the operative facts and the applicable standard of review, La. R.S. 33:2501. The court found that although it was not res judicata, the opinion in Moore v. Ware, supra, approved the department's physical fitness test as a criterion for promotion. The court further found that fitness is required by state law, R.S. 33:2493, and was part of the class plan. Citing Chief LaBorde's testimony about the duties of a police major, the court concluded that physical fitness is rationally related to the duties of law enforcement. Finally, the court held that Lee failed to prove the testing process was unreliable. The district court affirmed the Board.
Lee has appealed, raising two assignments of error.

Standard of Review
An employee under classified service may appeal from any decision of the civil service board that is prejudicial to him. La. R.S. 33:2501 E(1). Such an appeal is taken to the district court wherein the civil service board is domiciled. Id. The hearing "shall be confined to the determination of whether the decision made by the board was made in good faith for cause" and "[n]o appeal shall be taken except upon these grounds." La. R.S. 33:2501 E(3); Moore v. Ware, supra.
*1205 If made in good faith and for statutory cause, a decision of the civil service board cannot be disturbed on judicial review. Id.; McDonald v. City of Shreveport, 26,877 (La.App. 2 Cir. 5/10/95), 655 So.2d 588. Good faith does not occur if the appointing authority acts arbitrarily or capriciously, or as a result of prejudice or political expediency. Moore v. Ware, supra. Arbitrary or capricious behavior means without rational basis for the action taken. Id.
The district court should defer to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. Moore v. Ware, supra; Shields v. City of Shreveport, 565 So.2d 473 (La.App. 2 Cir.), writ denied, 579 So.2d 961 (La.1990). Likewise, intermediate review is limited to a finding of manifest error by the district court. Id.

Discussion
By his second assignment, Lee urges the district court erred in upholding the Board's decision to deny the promotion on criteria that are not part of the class plan. In support he cites La. R.S. 33:2493 D:
Special requirements or qualifications for admission to tests, or for eligibility for appointment, such as age, education, physical requirements, etc., may be established by the rules adopted by the board, after consultation with the appointing authority. Any applicant must be, at the time of his appointment to a position in the classified service, of good health, good moral character, and of temperate and industrious habits.
He shows that the only reference to physical fitness in the class plan is as follows:
After offer of promotion, but before beginning work in this class, [the applicant] must pass a medical examination prepared and administered by the Appointing Authority, designed to demonstrate good health and physical training sufficient to perform the essential duties of the position.
Finally, he cites the remarks of two Board members, Sean Caskey and C.J. Beck, who were not convinced the Board had ever officially adopted the physical fitness policy.
The city responds that the supreme court's recent decision in Moore v. Ware, supra, conclusively shows that the department validly adopted its policy of requiring physical fitness tests for promotion. The city concedes that the specific issue in Moore was a promotion from officer to sergeant, while the issue herein is a promotion from captain to major, but argues that the rationale cannot be distinguished. We agree.
The district court astutely noted:
Appellant contends the class plan for major does not contain as a component a duly enacted physical fitness testing requirement such that promotion cannot be denied for failure or based on successful completion of a battery of physical fitness tests. This issue was raised in Moore v. Ware with respect to the class plan for sergeant. In answering that issue, the supreme court found the West Monroe Police Department had in place physical fitness testing as a part of the class plan since 1997. Moore v. Ware, supra at 947. In that case, Officer Lawrence Moore never conceded that the applicable class plan included a duly enacted component requiring successful completion of a physical fitness test in order to be eligible for promotion to sergeant.
In this case, while there was discussion and concern among the members of the Board, a majority of that Board concluded that the physical fitness testing requirement was indeed a component *1206 of the class plan for promotion, a finding which is in accord with the opinion expressed by the supreme court in Moore v. Ware and, under the [appropriate] standard of review, this court cannot conclude this finding of the Board to be manifestly erroneous thereby warranting reversal.
The district court's reading of Moore v. Ware is completely correct. The supreme court held that the department adopted fitness standards approved by the U.S. Department of Justice and fitness programs and methods based upon the research of the Cooper Institute. Id., at 9-10, 839 So.2d at 947. The court also cited a 1997 memorandum advising all officers that those "who do not meet fitness standards set in this policy will not be eligible for promotion" and "medical exams and fitness tests will be given prior to promotions." The court expressly rejected the argument that Board deliberations, reflected in minutes of September 2 and October 14, 1997, somehow belied the validity of the physical fitness program. Id., at 10-11, 839 So.2d at 947-948. These considerations defeat any further contention that the fitness standards were never adopted. Lee's second assignment of error lacks merit.
By his first assignment of error, Lee urges the district court erred in failing to find that the physical fitness test policy is not rationally related to the job performance of major, making it arbitrary and capricious and thus invalid. Echoing the substance of his first assignment, Lee contends that the class plan for major never integrated the physical fitness test; however, for the reasons already discussed, this particular claim lacks merit. In factual support, Lee quotes large passages from his own testimony, as well as that of Major Fowler and retired Major Nelson, to the effect that major is a less strenuous job than captain. Accepting this premise, he submits there is no correlation between the physical fitness exam and the employment.
The city responds that the Board was entitled to accept the testimony of Chief LaBorde that every officer, regardless of rank, should be able to perform the physical requirements of a police officer, including foot pursuits and physical altercations. The city also cites the testimony of the professional standards administrator, Officer Carroll, that Cooper Institute standards are empirically based and nationally recognized. The city concludes that the Board could accept this testimony over that of Lee and his witnesses, to find a rational basis for the testing. We agree.
The action of a civil service board will not be disturbed unless it was taken without good faith and statutory cause. Moore v. Ware, supra. A reversal is warranted only if the action is without rational basis. On close examination, we find no manifest error in the Board's action. The Board heard all witnesses and may well have deferred to the chief's superior responsibility and experience in assessing the duties of a major. Although Lee's impression of these duties was corroborated by some witnesses, the Board may have discounted his view as self-serving. The Board may also have considered Lee's admirable efforts to pass the physical exam as an acknowledgment of its relevance to the promotion. On this record, we cannot say the Board acted without good faith and statutory cause. This assignment of error lacks merit.

Conclusion
For the reasons expressed, the judgment is affirmed. Costs are charged to the appellant, Warren V. Lee.
AFFIRMED.