WALTER J. ROTHSCHILD, Judge.
|2In these consolidated actions, three employees of St. John the Baptist Parish sought review of decisions of the Civil Service Board on matters involving their employment. By this appeal, Steven Cam-bre contends that the district court erred in sustaining the Board’s decision in his case. For the reasons stated herein, we affirm.

Facts and Procedural History

Steven Cambre, a permanent civil service employee of St. John the Baptist Parish, Wastewater Department, was reassigned by his employer on March 4, 2005 from the Westbank Tigerville facility to the Westbank Wastewater Collection Service Road Crew. Following this reassignment, Cambre filed a grievance with the Civil Service Board, which was heard at the Board’s April 13, 2005 meeting. The basis of Cambre’s grievance was that he was reassigned in retaliation for reporting to the Parish Office that the water treatment plants were not up to Code. The Parish responded that |3Cambre was reassigned to fit the needs of the Department. The Board voted to affirm the Parish’s decision to reassign Cambre.
On June 3, 2005, Cambre filed a Petition for Intervention, Declaratory Judgment and other relief, seeking to intervene in a pending action filed by another parish employee. In this petition, Cambre alleged that the vote taken by the Civil Service Board at its meeting on April 13, 2005 was null and void because the board was improperly constituted on that date. By judgment of July 8, 2005, the trial court granted the relief requested and remanded the matter back to the Civil Service Board to conduct a hearing in accordance with the rules and regulations of the Civil Service Manual.
On February 23, 2006, Cambre filed a Supplemental and Amended Petition on the basis that the Civil Service Board erred in its ruling following the meeting held on January 11, 2006. This matter was heard by the trial court on February 13, 2007, and following the submission of post-trial briefs, the court rendered judgment on April 17, 2007 upholding the ruling of the Civil Service Board.
By this appeal, Cambre contends that the trial court applied an incorrect standard of review to this matter, and further that the trial court erred in failing to find that the decision of the Civil Service Board was arbitrary and capricious. Cambre also contends the trial court erred in upholding the reasons given by the Parish for the reassignment, when the record reflects that the reassignment was permanent rather than a temporary reassignment as argued by the Parish.

|4Law and Discussion

The standard of review for an appeal of a civil service ruling was set forth in Lee v. City of West Monroe, 39,611, p. 5 (La.App. 2 Cir. 5/11/05), 902 So.2d 1202, 1204-5:
An employee under classified service may appeal from any decision of the civil service board that is prejudicial to him. La. R.S. 33:2501 E(l). Such an appeal is taken to the district court wherein the civil service board is domiciled. Id. The hearing “shall be confined to the determination of whether the decision made by the board was made in good faith for cause” and “[n]o appeal shall be taken except upon these grounds.” La. R.S. 33:2501 E(3); Moore v. Ware, [01-3341 (La.2/25/03), 839 So.2d 940].
If made in good faith and for statutory cause, a decision of the civil service board cannot be disturbed on judicial review. Id.; McDonald v. City of Shreveport, 26,877 (La.App. 2 Cir. 5/10/95), 655 So.2d 588. Good faith does not occur if the appointing authority acts *859 arbitrarily or capriciously, or as a result of prejudice or political expediency. Moore v. Ware, supra. Arbitrary or capricious behavior means without rational basis for the action taken. Id.
The district court should defer to a civil service board’s factual conclusions and must not overturn them unless they are manifestly erroneous. Moore v. Ware, supra; Shields v. City of Shreveport, 565 So.2d 473 (La.App. 2 Cir.), writ denied, 579 So.2d 961 (La.1990[1991]). Likewise, intermediate review is limited to a finding of manifest error by the district court. Id.
Lee v. City of West Monroe, 902 So.2d at 1204-05.
Judicial review provided for by this statute does not contemplate a de novo review. Rather, the trial court sits as a reviewing court and is to look only at the record and the evidence presented to the Board to determine whether the Board’s decision was made in good faith for cause. Lafayette City-Parish Consolidated Government v. Chauvin, 04-82 (La.App. 3 Cir. 6/9/04), 875 So.2d 1023,1029.
|5Applying these legal principles to the case before us, our task is to determine whether the trial court committed manifest error in upholding the ruling of the Civil Service Board. We find no manifest error, and we therefore affirm the trial court’s judgment.
The Parish contends that Cambre’s reassignment in this case was made pursuant to Civil Service Rules 8.3 and 8.5. After accepting testimony and evidence in this case, the Board upheld the determination by the Parish to reassign Cambre because they found it was for the betterment of the Parish. The trial court reviewed the testimony and failed to find the decision of the Board to be arbitrary or capricious.
We have reviewed the transcript of the minutes of the January 11, 2006 meeting of the St. John Parish Civil Service Board. Steven Cambre testified that he had been employed by St. John the Baptist for 17 years. Cambre stated that after obtaining certification from the State of Louisiana, he was assigned the title of Class II Waste Water Plant Operator. In February of 2005, Cambre was reassigned to Class II Collection, a position for which he was not certified and believed he was not qualified. He stated that the job requirements of Waste Water Treatment are much more complicated than those of Collection. He also stated that there were other employees of the Department with less seniority and less training than him who could have been transferred to the Collection position, and that the civil service rules and regulations require the employee with less seniority be transferred.
Cambre also stated that civil service rules allow for a temporary transfer not to exceed six months, but he had been transferred for more than one year at the time of the hearing. Cambre stated he believed the reason he |6was singled out for a transfer was that he had an argument with his neighbor who he stated was a relative of the Parish President. He stated that after the argument, the neighbor threatened to see him lose his job.
Cambre testified that this was a lateral move and that he did not receive a reduction in pay as a result of the transfer. He stated that he requested a transfer out of the new position, but has not been given one. He also stated he was not trained for the new position.
The transcript of the hearing also contains the testimony of a Parish representative, Mrs. Robottom. This witness testified that Cambre was part of several transfers within the Utility Department that the management felt would help the *860 entire Department. Although she stated the assignment was not temporary, she stated that the Parish is “constantly listening to Mr. Cambre’s request and it is not totally out of the question that he will be moved again.” Mr. Robottom also stated that the Department has the authority to make transfers and reassignments for the betterment of the Department. She stated that four employees were moved at the same time as Cambre, and that he had not been singled out. Mr. Robottom also stated that Cambre had been cross-trained for this position, and had been paired with a more experienced employee who was certified in collection.
Our review of this transcript indicates that the trial court was not manifestly erroneous in finding the Board’s decision to uphold the transfer was made in good faith and for cause. There is nothing in the record to support Cambre’s claims that he was not qualified for the new position or that his reassignment was punitive in nature. Rather, the record shows that the Parish’s decision to reassign Cambre was based on personnel needs at the time and that Cambre sustained no loss in pay. Further, Cambre failed to |7show that the reassignment violated the applicable Civil Service Rules promulgated by the Parish. Under the facts of this case, the Parish had the authority to reassign Cambre within the department to meet the needs of the department. For these reasons, the judgment of the trial court upholding the decision of the St. John the Baptist Civil Service Board is hereby affirmed.

AFFIRMED.

WICKER, J., concurs.