STEWART, J.
 

 liThe plaintiff, Christopher A. Releford, appealed a decision of the Bastrop Municipal Fire and Police Civil Service Board (“the Board”) denying his application to test for the position of chief of police. The district court affirmed the Board’s decision and granted its motion to dissolve a preliminary injunction previously entered in Releford’s favor to prevent the Board from certifying the names of persons eligible for the police chief position. Releford now appeals the district court’s judgment. Finding that the Board’s decision was made in good faith for cause and that the district court did not err in dissolving the preliminary injunction, we affirm.
 

 FACTS
 

 On February 22, 2008, Releford, a sergeant with the City of Bastrop Police Department, filed an application to take the competitive examination for the position of chief of police. The Board rejected Rele-ford’s application on the grounds that he did not have the time required in a position with supervisory responsibilities. Releford requested and was granted a hearing before the Board to challenge the rejection of his application.
 

 At the hearing on April 21, 2008, Rele-ford sought to prove that he had the requisite supervisory experience to take the examination. Though he had been a sergeant for only 18 months, he argued that his experience as a field training officer in helping train probational officers and as a “set up” sergeant on days when a sergeant was absent from work should be considered in calculating his supervisory experience. Releford submitted | .¿the entirety of his pay records, a summary of the hours he claimed to constitute his supervisory experience from 1996 through 2006, and a history of his field training officer experience in support of his argument.
 

 However, the acting chief of police, Jesse Walker, stated before the Board that Releford had no administrative experience at all and that while a patrol officer he had no supervisory experience. According to Walker, the first rank with supervisory experience is that of sergeant. Moreover, Walker explained that even when Rele-ford, as a patrol officer, was temporarily “set up” to sergeant when a sergeant was off, he would not have been acting as a supervisor on the shift. The supervisor would have been the captain, and no patrol officer is “set up” to captain.
 

 After considering the matter in executive session, the Board voted to let its rejection of Releford’s application stand.
 

 In accordance with La. R.S. 33:2501, Releford filed an appeal with the district court and requested injunctive relief to prevent the Board from administering the civil service test or from certifying any names of individuals eligible to fill the chief of police position. The district court granted a temporary restraining order enjoining the Board from certifying names of eligible persons for chief of police, and a preliminary injunction was subsequently issued with the consent of the Board’s president. However, the Board later filed
 
 *966
 
 a motion to dissolve the preliminary injunction on the grounds that Releford intentionally misrepresented information on his application and that he lacked the required supervisory and administrative work experience to qualify for the police chief position.
 

 |sThe district court hearing occurred on March 2, 2009. The court heard Rele-ford’s civil service appeal first and then took evidence and heard arguments on the Board’s motion to dissolve the preliminary injunction. In a judgment rendered March 5, 2009, the district court upheld the Board’s decision rejecting Releford’s application. It found that the Board acted in good faith for cause and that a review of the entire transcript showed that the Board had a rational basis for its decision. Turning next to the Board’s motion to dissolve the preliminary injunction, the district court found it had been improvidently issued and ordered it dissolved. The district court concluded that injunctive relief was not appropriate considering that Releford lacked the requisite credentials for the police chief position.
 

 DISCUSSION
 

 Releford raises three assignments of error on appeal. First, he asserts that the trial court erred in allowing the Board to use the motion to dissolve the preliminary injunction to supplement the record of the civil service appeal. Second, he asserts that the district court used facts determined from the hearing on the motion to dissolve as a basis for its judgment affirming the Board’s decision to reject his application. Third, he asserts that the district court erred in affirming the decision of the Board rejecting his application to take the police chief exam. We will begin with Releford’s third assignment of error and review the civil service appeal decision under the applicable standards.
 

 An employee under classified service may appeal any decision of the civil service board that is prejudicial to him. La. R.S. 33:2501(E)(1). The |4role of the reviewing court in civil service appeals is confined to a determination of whether the decision of the civil service board was made in good faith for cause. La. R.S. 33:2501(E)(3). The reviewing court looks only at the record and the evidence presented to the civil service board to determine whether its decision was made in good faith for cause.
 
 Walsworth v. Municipal Fire & Police Civ. Service Bd. of City of Shreveport,
 
 567 So.2d 712 (La.App. 2d Cir.1990).
 

 A decision made in good faith and for statutory cause cannot be disturbed on judicial review.
 
 Lee v. City of West Monroe,
 
 39,611 (La.App.2d Cir.5/11/05), 902 So.2d 1202. Good faith does not exist if the decision of the civil service board was made arbitrarily or capriciously, or as a result of prejudice or political expediency.
 
 Id.
 
 Where there is no rational basis for the action taken, then the board’s action was arbitrary or capricious.
 
 Id.
 

 Releford refers to the following statement by the Board’s president, Danny Barmore, as support for his argument that the Board’s denial of his application to test was arbitrary or capricious:
 

 We’re letting that stand as it is. We’re letting it stand. We’re still rejecting it because we did not have enough time and everything to bring it up, and you want to bring it up in the earliest way that you can. Is that the way I understood it? All in favor, “Aye?”
 

 All responded “Aye.”
 

 The meaning of this statement about not having enough time to bring it up and wanting it brought up in the earliest way is not entirely clear. The record shows that
 
 *967
 
 Releford’s appeal was brought up to the Board. He was allowed to call a witness and present his evidence. The Board considered his appeal and voted to let its prior decision stand. We do not find that IfiBarmore’s unexplained statement alone shows the Board’s decision to let stand its prior rejection of Releford’s application to be arbitrary or capricious. Instead, the record of the civil service appeal reviewed as a whole shows that there was a rational basis for the Board’s decision.
 

 The record of the civil service appeal hearing shows that the Board had previously considered and denied Releford’s application on the grounds that he did not meet the requirements for supervisory experience. Releford was promoted from patrol officer to sergeant on June 1, 2006. Thus, it appears that he had served 18 months in a supervisory position when he applied to take the exam for chief of police. Releford argued that he had over two years of supervisory experience as a patrol officer based on shifts when he had been “set up” to the position of sergeant and when he acted as a field training officer for new hires. In support of this argument, he introduced the entirety of his pay records, a summary of the hours he claimed to constitute his supervisory experience from 1996 through 2006, and a history of his field training officer experience.
 

 During the civil sendee appeal, the Board also heard from the acting chief of police, Mr. Walker, who stated that Rele-ford had no administrative experience at all and that he had no supervisory experience as a patrol officer. Walker explained that the first rank with supervisory experience is that of sergeant. He also told the Board that even when Releford, as a patrol officer, was temporarily “set up” to sergeant when a sergeant was off, he would not have been acting as a supervisor on the shift. The supervisor would have been the captain, and no patrol officer is “set up” to captain.
 

 IfiThus, the Board had to determine whether Releford’s “set up” time as a sergeant and his field officer training experience satisfied the qualifications for the civil service exam. Considering Walker’s statements about Releford’s experience, the Board could have reasonably determined that Releford’s temporary experiences as a “set up” sergeant and field training officer did not satisfy the requirement for supervisory experience. Most importantly, the qualifications set forth in the notices for the competitive civil service exam show that the Board’s decision to reject Rele-ford’s application was correct.
 

 The posting notice for the police chief exam states the qualifications for candidates according to whether they have a bachelor’s degree in criminal justice or other related areas of study, an associate’s degree in criminal justice or a bachelor’s degree in an unrelated area, or a high school diploma or certificate of equivalency. Releford’s application shows that he does not have a college degree. According to the qualifications on the notice, candidates who lack a college degree must have “at least ten (10) years of progressively responsible experience in full time law enforcement positions, at least four (4) years of which must have been in positions which include administrative or supervisory responsibilities.” The qualifications clearly require experience in full time law enforcement positions. Thus, Releford’s temporary or “set up” time as sergeant and hours of field officer training do not constitute experience in full time law enforcement positions with administrative or supervisory responsibilities. Simply stated, Releford did not meet the qualifications for the police chief exam. There is no 17manifest error in the Board’s rejection of Releford’s application on the grounds that
 
 *968
 
 he lacked the requisite supervisory experience.
 

 Releford’s remaining assignments of error also lack merit. The record does not support the argument that the district court used facts determined on the motion to dissolve the preliminary injunction as a basis for its determination of the civil service appeal. The district court separated the two matters by first hearing arguments on the civil service appeal and then taking evidence and hearing arguments on the motion to dissolve. The district court’s judgment also addresses the civil service appeal and the motion to dissolve as separate matters. The district court’s judgment shows that the finding that the Board’s decision was made in good faith for cause was based on the record of the civil service appeal and not on evidence presented in the motion to dissolve.
 

 Lastly, we find no error in the dissolution of the preliminary injunction and no merit to Releford’s argument that it was error to conduct an evidentiary hearing on the motion to dissolve. Any interested party may move for dissolution of a preliminary injunction as provided by La. C.C.P. art. 3607. A judgment dissolving a preliminary injunction will not be overturned on appeal unless the record shows a clear abuse of the district court’s great discretion.
 
 Lake Bistineau Preservation Society, Inc. v. Seales,
 
 40,583 (La.App.2d Cir.2/10/06), 922 So.2d 768,
 
 writ denied,
 
 2006-0620 (La.5/26/06), 930 So.2d 27. Because the record shows that Rele-ford was clearly unqualified to take the police chief exam, there is no basis for the | ^preliminary injunction to remain in effect, and the district court did not abuse its discretion in ordering it dissolved.
 

 CONCLUSION
 

 For the reasons stated, the judgment of the district court is affirmed. Costs of this appeal are assessed against the appellant, Christopher A. Releford.
 

 AFFIRMED.