Hat, Judge,
delivered the opinion of the court:
This is a suit to recover the sum of $50, representing a tax of ten per cent on the sum of $500, paid by the plaintiff *608 for his proprietary certificate of stock purchased from, the Manufacturers’ Country Club. The plaintiff by purchasing this share of stock became eligible to membership in said club, but in order to enjoy the privileges of the club was required by its by-laws to pay an entrance or initiation fee of $100, in addition to the $500, paid by him for a share of the stock. The stock aforesaid was sold for the purpose of acquiring the necessary real estate upon which to build the club house and to construct a golf course. The certificates were known as proprietary certificates, and had a par value of $500. The owners of these certificates were in fact the owners of the property of the club. These certificates can be sold and transferred without regard to membership, and the property rights of the holders continue after membership may have ceased by resignation, expulsion, or death. The owner of one of these certificates in order to become a member of the club must be elected and must pay to the club an initiation fee of $100 and dues of $100 per year. A person who is not the owner of one of these shares of stock may be elected to membership in the club and may enjoy its privileges by paying the initiation fee and annual dues fixed by the directors of the club.
Proprietary members — that is, members who own shares of stock and are the owners of the club property — have all voting rights. Those members who do not own shares of stock have only the privileges of the club.
The plaintiff paid his tax of 10 per. cent on $100, his initiation fee, and 10 per cent on $100, his annual dues.
The Government contends that he is liable to pay and has collected from him 10 per cent on $500 paid for his proprietary certificate, upon the theory that the said $500 is a part of the initiation fee, and this it claims under the provisions of the revenue act of 1924 (43 Stat. 253), which reads as follows:
“ Sec. 501. On and after the date this title takes effect there shall be levied, assessed, collected, and paid,- in lieu of the taxes imposed by section 801 of the revenue act of 1921, a tax equivalent to 10 per centum of any amount paid *609 on or after, such date, for any period after such date, (a) as dues or membership fees (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization; or (b) as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees (not including initiation fees) of an active resident annual member are in excess of $10 per year; such taxes to be paid by the person paying such dues or fees: * * * »
The proviso in this section has no bearing on the instant case.
It is the contention of the Government that any money or property of value paid by a prospective member of a club as a prerequisite to membership therein is an initiation fee, and that in this case the plaintiff, besides paying the tax on his $100 initiation fee, is liable to be taxed on his pi’oprietary stock, the theory being that his stock is a part of his initiation fee. From the facts in this case it is evident that the plaintiff is one of the owners of the property and franchises of the club and that his proprietary share of stock makes him so. He, together with the other owners of the club, elected a board of directors, which proceeded to enact by-laws for the government of the club. Among these bylaws was one fixing the initiation fee of the proprietary members of the club, which fee was fixed at the sum of $100. It is not perceived how the purchase and ownership of the stock can be construed, into being an initiation fee; it has none of the earmarks of such a fee. There is no definition in the statute, nor any words therein, which lend themselves to such a construction. The words “ Initiation fees ” used in the statute must be given their common and ordinary meaning, which is the payment of a sum of money that will enable the person paying it to enjoy the privileges of the club, and which once paid will never be returned to the person paying it. In this case the share of stock or its value can be in certain contingencies repaid to the party paying, or to his estate. We can not so construe the statute to enlarge its meaning and to impose a tax not therein contemplated nor intended. The meaning of the words of the *610 act can not be enlarged to include what has been omitted by the Congress. Iselin v. United-States, 270 U. S. 245.
A judgment will be entered in favor of the plaintiff for the sum claimed .with interest.
Moss, Judge; Gbaham, Judge; Booth, Judge; and Campbell, Chief Justice\ concur.