## MASONIC COUNTRY CLUB OF WESTERN MICHIGAN v. HOLDEN, Collector.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1927.)

No. 4735.

Internal revenue ⊜�center⟩11—Payment for stock by member of social club held not "initiation fee," within Revenue Law 1921, § 801 [Comp. St. § 6309⅝b]).

Payment for stock by member of social club *held* not "initiation fee," within Revenue Law 1921, § 801 (Comp. St. § 6309⅝b), authorizing tax thereon, where member joined in election of directors and owned stock in most respects like any stockholder in ordinary corporation, with exception that right to sell was limited by condition that purchaser must be accepted as a member.

In Error to the District Court of the United States for the Western District of Michigan; Arthur J. Tuttle, Judge.

Action by the Masonic Country Club of Western Michigan against Charles Holden, Collector of Internal Revenue. Judgment for defendant (12 F.[2d] 951), and plaintiff brings error. Reversed and remanded for a new trial.

William K. Clute, of Grand Rapids, Mich., for plaintiff in error.

Lyndon H. Baylies, of Washington, D. C. (Edward J. Bowman, of Grand Rapids, Mich., and Alexander W. Gregg and Ralph S. Scott, both of Washington, D. C., on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and WESTENHAVER, District Judge.

DENISON, Circuit Judge. The Revenue Law of 1921 provides in section 801 that a tax shall be paid on "any amount paid * * * as dues or membership fees * * * to any social * * * club * * * or as initiation fees to such a club." Comp. St. § 6309⅝b. It also provides that life members shall pay no tax upon the amount paid for life membership, but shall pay a tax equivalent to that paid by active annual members upon their dues. The Masonic Country Club, organized after this law was in effect, and as a nonprofit corporation, under Michigan laws, provided in its by-laws for several classes of membership: (a) Honor roll life members were those who purchased from the club ten or more shares of stock. They paid no further sum for such membership and paid no annual dues. (b) Regular life members became such by purchasing at least one share of stock and being elected. If the share was purchased from the club, they paid nothing further for the membership. If the share was purchased from a former stockholder, they paid $50 initiation fee. They paid annual dues. (c) Active annual resident members became such by election. The initiation fee was $100; then there were annual dues.

An applicant for "regular life" membership bought one share of stock, paying into the company treasury $100 therefor. A tax was assessed upon this payment as being upon an initiation fee. He paid the tax under protest and assigned to the club his right to recover. It brought this suit, failed therein, and brought this writ of error. A jury was waived, and the facts were fully found by the trial judge.

This member was by the corporate organization papers declared to be a regular life member; if he was such a member within the intent of the definition in the act, he was by the terms of the law exempted from paying a tax upon an initiation fee; but it is forcefully claimed that to give this appellation to him is a misnomer, and that the attempt of the by-laws thus to classify him is a mere subterfuge, to evade the tax otherwise assessable. We need not consider this contention, because it is immaterial what he is called, if he does not, in substance, pay an initiation fee. He does not do so in form; what he does is to buy corporate stock; and this he continues to own, in most respects like any stockholder in an ordinary corporation. He joins in the election of directors, and, except that his right to sell the stock is limited by the condition that the purchaser must

be accepted as a member, he is the ordinary stockholder of the ordinary corporation. The stock was sold and is being sold to raise capital with which to buy and improve the grounds and buildings, and it continues to be worth, as an asset in the hands of the stockholder, the amount which he paid for it, subject to the ordinary value-fluctuations of capital stock. It is in no fair sense an initiation fee, which is a sum paid for the privilege of joining, and which is not to be retained in separate form by the club or (usually) returned to the payer in any contingency.

It is conceivable that a fund might be accumulated from initiation fees which would be quite analogous to a fund accumulated from the sale of stock, and that, in case of dissolution, a member might have something to show for his initiation fee and continued annual dues; but this transaction took no such form, and, as we think, no such substance. A club may charge a large initiation fee, or a small one, or none at all, as it chooses; and if, intending to buy and own real estate, it sells stock for that purpose, and, as an inducement to persuade people to buy stock, excuses them from paying any initiation fee, the transaction may well be legitimate, and be exactly what it seems to be. The fact, if it is a fact, that the club adopted a careful plan, by the misnomer of "regular life members," to avoid the payment of taxes on initiation fees, and that this plan, as such, must fail, is not important, if, according to a proper interpretation of the law, the payment for stock was not rightly to be called an initiation fee; and we think it was not.

It appears that, at the time of the organization of this club, the Treasury Department regulation required that what was received for the sale of a share of stock in such a club be treated as an initiation fee; that on November 15, 1926 (since the hearing below), a series of three decisions of the Court of Claims (Page v. U. S. [C–1321] 62 Ct. Cl. —; Lukens v. U. S. [E–486] 62 Ct. Cl. —; Alliance Club v. U. S. [C–1312] 62 Ct. Cl. —) held that this regulation was invalid, and that such stock payments were not initiation fees; and that thereafter the treasury regulations were changed in acceptance of and in compliance with these decisions.[1] We think the decisions of the Court of Claims were right, and that the present regulation properly interprets the law. Derby v. U. S. (D. C.) 17 F.(2d) 119.

With this view, the judgment must be reversed, and the case remanded for a new trial.

---

[1] T. D. 3950. * * * "The term 'initiation fee' does not include amounts required to be paid by new members for stock, bonds, promissory notes, or certificates representing an interest in the property and assets of the club."