Samuel N. **BICKNELL**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 27465.

United States Court of Appeals, Fifth Circuit.

Feb. 16, 1970.

Rehearing Denied March 24, 1970.

---

Clifton Maxwell, Dallas, Tex., for appellant.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., Johnnie M. Walters, Asst. Atty. Gen., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Stephen H. Hutzelman, Attys., U. S. Dept. of Justice, Tax Div., Washington, D. C., for appellee.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

MORGAN, Circuit Judge:

This is an appeal by Samuel N. Bicknell, plaintiff-appellant, from a decision rendered in the United States District Court for the Northern District of Texas in favor of the United States, defendant-appellee. It involves a civil action for the refund of excise taxes and interest paid by Bicknell for the third quarter of 1959 in the amount of $203.25. Such refund was denied by the District Court.

Brookhaven Country Club Corporation is a membership-owned country club in Dallas, Texas. It has no capital stock, but is owned by its members whose ownership is evidenced by certificates of membership. Membership in the Country Club was transferable but limited to 3,000 members. A membership in the Country Club could be obtained only by purchase from the Club or by transfer from a withdrawing member. In either case, the prospective member had to be approved by the Country Club's membership committee before admission. A withdrawing member was required to pay $25.00 to the Club when he transferred his membership, but any consideration such withdrawing member received from a new member belonged to him and not to the Country Club.

On July 26, 1959, Samuel Bicknell purchased a membership in the Brookhaven Country Club from T. E. Manning, a withdrawing member, for $600.00. Manning paid the $25.00 transfer fee to the Club, and Bicknell was approved by the membership committee. The Country Club received no portion of the $600.00 paid Manning and collected no federal excise tax on the transaction from either Bicknell or Manning, and neither filed a quarterly federal excise tax return (Treasury Department Form 720) for the quarter ended September 30, 1959.

On October 27, 1959, the Country Club filed its quarterly federal excise tax return (Treasury Department Form 720) for the quarter ended September 30, 1959. On that return, on the line marked "Club dues, initiation fees, life memberships," there appeared the amount of $5,398.57. That amount included the tax collected by the Country Club from Bicknell with respect to the dues paid by him to the Club during that quarter, but did not include any tax on the payment by Bicknell to Manning for his membership.

On January 4, 1967, District Director of Internal Revenue issued a "30-day letter" to Bicknell proposing a direct assessment against him in the amount of $140.00. This amount was based on 20 percent of the price of $700.00 which was the selling price of a Club membership in July, 1959. Bicknell was told that if he paid an amount other than $700.00, he should furnish proof to such effect. He did not furnish such proof, and on May 11, 1967, the Internal Revenue Service made a direct assessment against Bicknell of $203.25. This amount included $140.00 excise tax and $63.25 interest. Bicknell paid the sum and filed a claim for refund. When the claim was disallowed, he filed the present action for refund. The District Court gave judgment for the United States. However, the lower court concluded "since the plaintiff paid only $600.00 to Manning for his membership in the Club, the Government has agreed to refund to the plaintiff $29.04, which amount represents the excise tax ($20.00) and assessed interest ($9.04) on the amounts in excess of $600.00."

■■ Appellant Bicknell charges that the District Director of Internal Revenue was arbitrary in his determination of the price paid for the membership since the amount he used was based upon the amount the Country Club charged for membership during 1959, when in fact many memberships were sold for a lesser figure. Bicknell's membership was purchased for a smaller amount. An arbitrary judgment, however, is not simply a judgment that is erroneous. In the law arbitrary or capricious means "having no rational basis." Dell Publishing Co. v. Summerfield, 198 F.Supp. 843, 844 (D.C.D.C.1961). It is difficult to understand how such a judgment as this could be without rational basis, since it appears quite rational to select a figure which one knows to be the cost of some memberships sold in a given year as being the probable cost of other memberships sold in that year. Moreover, Bicknell was given an opportunity to inform the Service what his actual liability was and failed to do so. In his case, the incorrectness of the amount paid was due in part to his omission.

The only case cited by appellant in support of his contention that the assessment was arbitrary is Taylor v. Commissioner, 70 F.2d 619 (2nd Cir. 1934) and the same case in the Supreme Court, Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623 (1935). Bicknell would read *Taylor* broadly and concludes that it establishes the rule that once the taxpayer has proved a determination of the Internal Revenue Service incorrect, there is no further tax liability on him arising out of that transaction. In fact *Taylor* held that in a Board of Tax Appeals (Tax Court) proceeding a taxpayer need only prove the incorrectness of an assessment against him in order to prevail. A taxpayer in such a suit need not go further and prove the amount of tax actually owing. The Court of Appeals in *Taylor* in an opinion by Judge Learned Hand stated that in a proceeding such as the one involving Bicknell as op-

posed to a Board of Tax Appeals (Tax Court) proceeding, the taxpayer was required to prove how much the Government unjustly withheld from him in order to prevail. This is the general rule in such proceedings. 10 Mertens, Law of Federal Income Taxation, § 58A.35 (1964). Thus, this case does not come within the rule of Helvering v. Taylor, supra, because it involves a suit to recover taxes already paid, not an action in the Tax Court. The contention that the District Director's determination was arbitrary is without merit.

■ Bicknell's second contention is that the three-year statute of limitations, 26 U.S.C. § 6501(a),[1] bars the District Director's 1967 assessment of an excise tax determined to be due in 1959. Basically, 26 U.S.C. § 6501(a) provides that "the amount of any tax imposed by this title shall be assessed within three years after the return was filed." In this action, the controversy involves the time of the actual filing of the return. The Brookhaven Country Club filed its quarterly federal excise tax return for the quarter ending September 30, 1959, using a Form 720.[2] Form 720 has one line which is marked "Club dues, initiation fees, life memberships." These categories are fused and no separate listing is provided. On the return, upon the line marked as above, there appeared the amount $5,398.57 which included tax collected by the Country Club from Bicknell with respect to dues paid by him during that quarter, but did not include tax on payment by Bicknell to Manning

for his membership. Bicknell contends that the inclusion of an amount on this line constituted a filing and started the statute of limitations to run on these three categories, i.e. club dues, initiation fees, and life memberships. To support this position, appellant cites Rev.Rul. 59–366, C.B. 1959–2, 418, and Rev.Rul. 60–312, C.B. 1960–2, 398, which are best summarized in the syllabus to Rev.Rul 59–366 as follows:

"Where a person, who is liable for reporting more than one category of the excise taxes required to be reported on Form 720, Quarterly Federal Excise Tax Return, files a return on which he reports one or more categories of tax, but makes no entry on the return concerning any other category, he has filed no return for the category of tax for which no entry was made.

"Where a person who is required to file a Form 720 enters on any line of such form the word 'none' or a 'zero', such entry constitutes the filing of a return for the category or categories of excise tax to which that line relates. Accordingly, with respect to the person submitting the Form 720, the statute of limitations, as it relates to the assessment and collection of the category of excise tax involved, starts to run from the date the return is filed."

However, the teachings of Rausaw v. United States, 253 F.Supp. 528 (S.D. Tex. 1966), aff'd. per curiam 376 F.2d 154 (5 Cir. 1967) demonstrate that the failure of a taxpayer to make an affirmative entry on the tax return reflects a denial of

---

1. 26 U.S.C. 6501(a):

   § 6501. *Limitations on assessment and collection*

   (a) General rule.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for

   the collection of such tax shall be begun after the expiration of such period.

2. Counsel for the United States has advised the Court by letter of December 11, 1969, that, "in order to avoid any delay in the Court's consideration of the case at this point in the proceedings, and in view of our belief that the District Court's decision that the assessment was not time-barred can be affirmed without reaching this question, we are withdrawing our alternate argument that the Club had no statutory responsibility with respect to this transaction and are requesting that the Court not consider that argument".

liability for the tax; and, accordingly, does not commence the statute of limitations to run. This rule of law has been affirmed and restated in cases in this circuit and others. United States v. Bailey, 383 F.2d 9 (5 Cir. 1967); McDonald v. United States, 315 F.2d 796 (6 Cir. 1963). Bicknell argues that these cases were concerned with taxing forms that listed the categories separately which are unlike Form 720's lump sum treatment of three categories. This contention is best answered by a review of Hulette v. United States, 315 F.2d 826 (6 Cir. 1963), in which the Court concluded:

> "Appellant's counsel points to one factual difference between the case at bar and the McDonald case. In McDonald, the excise tax return form (Treasury Department Form 729) called for reporting 'club dues' and 'initiation fees' in separate categories. In this case, the form used (Treasury Department Form 720) combined 'club dues, initiation fee, life memberships,' and called for one total figure. We do not consider that this difference in fact requires a legal result different from the McDonald case."

The rationale proposed by Bicknell is too technical, particularly in the light of Judge Noel's opinion in *Rausaw*, supra. This issue has been presented to and determined by other courts, and we agree with their reasoning and conclusion. The statute of limitations did not begin as to initiation fees in that the figure that was placed on the line marked "club dues, initiation fees, and life memberships" did not include this item.

Lastly, Bicknell argues that 26 U.S.C. § 4241(a) (2)[3] is inapplicable to payments made to persons other than country clubs, thereby relieving him of the tax. However, Section 4242(b)[4] defines "initiation fees" as including any payment required as a condition precedent to membership whether or not evidenced by a share of stock and irrespective of the person or organization to whom made. When Sections 4241(a) (2) and 4242(b) are read together, it is clear that Bicknell's payment to Manning, if it was a condition precedent to club membership, was subject to the excise tax on initiation fees even though made to an individual. This rule of law was established in Vitter v. United States, 279 F. 2d 445 (5 Cir. 1960), cert. den. 364 U.S. 928, 81 S.Ct. 353, 5 L.Ed.2d 266 (1960). In that case the Court was presented with the same arguments that Bicknell relies on here. In laying the controversy to rest, Judge Brown, writing for the Court, stated.

> "But this is an artificial cutting up of a single statute into several unrelated parts, not a reading of it together as a whole. The second part, § 4242, is not separate. Indeed, its topic head as "Definitions" shows a congressional purpose to read all stated in § 4242 as though it were physically written into § 4241. As reconstructed its meaning is substantially this. There is imposed a 20% tax on any amount paid, contributed or loaned as a condition precedent to membership in a club irrespective of the person or organization to whom such payment, contribution or loan is made and whether that which is received for such payment, contribu-

---

3. 26 U.S.C. 4241(a) (2):
   § 4241. *Imposition of tax*
   (a) Rate—There is hereby imposed—
   (2) Initiation fees.—A tax equivalent to 20 percent of any amount paid as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $10 per year.

4. 26 U.S.C. 4242(b):
   § 4242. *Definitions*
   (b) Initiation fees.—As used in this part the term "initiation fees" includes any payment, contribution, or loan, required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned.

tion or loan is evidenced by a certificate of interest or indebtedness or share of stock."

As a part of this issue, Bicknell argues in the alternative if the amount paid to Manning by Bicknell is an initiation fee it is not a condition precedent to membership as is required by Section 4242(b). Very simply, Bicknell's contention is that the legislative history and judicial interpretation[5] of Section 4242(b) both involve situations where the by-laws of the country club required that the incoming member purchase a share of stock, bond, etc.; whereas, in the instant case, the Club by-laws did not contain such a requirement. Article II, Section 2(b), of the By-Laws of the Brookhaven Country Club provides that a certificate of membership and beneficial interest shall be issued to each member and that such certificates are transferable, while Article II, Section 2(e) reads:

"If any Resident member moves outside the 50-mile radius from the Club, he may procure a new member to take his place who is acceptable to the Club's Membership Committee and sell his membership in the Club to such new member for whatever price he may obtain therefor (less any tax that may be due) upon payment of $25.00 to the Club to process such transfer and payment of any and all charges that such withdrawing member may be then owing the Club."

Bicknell desired to become a member of the Country Club, and he could do so only by purchasing a membership from the Country Club or from a withdrawing member. The statute taxes that which is required as a condition precedent and makes no reference to the source of the requirement. Whatever the by-laws say or omit to say, there was no way Bicknell could become a member without a certificate of membership. Therefore, payments made to obtain such a certificate were taxable. To treat the matter other-

wise would create a vast loophole, since verbal gentlemen's agreements not to admit persons without certificates could be adopted, with no reference to such certificates in the by-laws.

Affirmed.

5. *Masonic Country Club of Western Michigan v. Holden*, 18 F.2d 553 (6 Cir., 1927) ;

*Lukens v. United States*, 62 Ct.Cl. 598 (Ct.Cls.1926).