# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-1009

**SCOTT POIENCOT**

**VERSUS**

**LAFAYETTE CONSOLIDATED GOVERNMENT, ET AL.**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. C-20156178
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell and Van H. Kyzar, Judges.

**AFFIRMED.**

**William L. Goode**
**The Goode Law Firm, A.P.L.C.**
**P. O. Box 3366**
**Lafayette, LA 70502-3366**
**Telephone:  (337) 234-0600**
**COUNSEL FOR:**
**Plaintiff/Appellant – Scott Poiencot**

**Michael P. Corry, Sr.**
**J. Daniel Siefker, Sr.**
**Briney Foret Corry**
**413 Travis Street, Suite 200**
**P. O. Drawer 51367**
**Lafayette, LA 70505-1367**
**Telephone:  (337) 237-4070**
**COUNSEL FOR:**
**Defendant/Appellee – Lafayette Consolidated Government**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On September 12, 2012, Scott Poiencot, who was an officer with the Lafayette Police Department (hereafter LPD), was terminated from his employment by former LPD Police Chief James Craft. Poiencot had been the subject of three separate Internal Affairs' investigations: AD2012-007, AD2012-010 and AD2012-012. Prior to his termination, Poiencot had been employed by LPD for several years, obtaining the rank of Corporal.

Investigation AD2012-007 involved the removal and subsequent release to the media of a confidential document from a police file. It was eventually determined Lieutenant Greg Cormier removed the document in its original form from the file of an investigation. Certain information was whited out on the form before it was given to Poiencot. The confidential document was then disseminated to the local media and made public.

Investigation AD2012-010 pertained to Poiencot's secret recording of a phone conversation between Gabe Thompson and Major George Alfred of the LPD. Thompson recorded the conversation, without the knowledge of Major Alfred, using a device provided to him by Poiencot. Poiencot admitted that he downloaded the conversation to a disc, which was later released to the media without authorization from Thompson, Major Alfred or the LPD.

Investigation AD2012-012 dealt with Poiencot's failure to submit to a polygraph examination pursuant to Investigation AD2012-007. He initially refused to submit to the polygraph, but later agreed to do so. However, he was charged with insubordination for the initial refusal.

Poiencot appealed his termination to the Lafayette Municipal Fire & Police Civil Service Board (hereafter the Board). The Board considered Poiencot's termination during an evidentiary hearing which occurred on November 11, 2015.

2

At the conclusion of that hearing, the Board unanimously upheld the termination of Poiencot's employment with the LPD, finding the termination was "in good faith and for cause."

Poiencot then appealed to the Fifteenth Judicial District Court, arguing the Board should only have considered Internal Affairs' investigation AD2012-007 in its determination. Over Poiencot's objection, the Board consolidated all three Internal Affairs' investigations. Poiencot alleged he received three Personal Action Forms stating he had been terminated, one for each investigation. Poiencot argued he could only be fired one time, for the findings in investigation AD2012-007. He contended he could not be terminated on the findings in AD2012-010 or AD2012-012 because he was no longer a civil service employee upon the termination for the infraction stated in AD2012-007. As a result, Poiencot maintained the Board acted in bad faith and without cause in hearing the appeals for AD2012-010 and AD2012-012. Moreover, Poiencot asserted the Board reversed the termination in AD2012-007 which, he argued on appeal, voided and thus made the affirmances of AD2012-010 and AD2012-012 null and void.

In opposition to Poiencot's argument, Lafayette City-Parish Consolidated Government (hereafter LCG) maintained the decision to terminate was made in good faith and for cause by a 5-0 vote of the Board. LCG argued the termination was justified because Poiencot violated confidentiality policies and/or released confidential information. LCG specifically noted Poiencot participated in secretly recording a fellow officer, an act which has been held by the courts to be sufficient to warrant termination. LCG also contended termination was an appropriate sanction for insubordination as a result of Poiencot's refusal to take a polygraph examination upon request. LCG maintained Poiencot was terminated once for violations relating to all three of the investigations conducted against him.

The district court noted pursuant to La.R.S. 33:2501(3), the issue before it was whether the Board's decision to affirm the termination was made in good faith and for cause. The district court gave the following reasons for its finding that the Board acted in good faith and for cause in terminating Poiencot:

> A formal complaint triggered the start of the investigation of Mr. Poiencot. The Lafayette Police Department requested and was granted an extension to complete the investigation of sixty days. Mr. Poiencot was notified and able to participate in this investigation. Mr. Poiencot was notified of his predetermination hearing within the timeframe granted by the extension. Mr. Poiencot was also given pre-determination hearings, represented by counsel through the entire process, and was able to prepare a defense to the allegations brought against him. As such, this court finds Mr. Poiencot was given due process as established in [*Cleveland Bd. Of Educ. v.*] *Loudermill* [470 U.S. 532, 105 S.Ct. 1487 (1985)] and the Police Bill of Rights was not violated by the Board.

> This case centers around three internal investigations that were conducted concerning Mr. Poiencot (AD2012-007, AD2012-010 and AD2012-012), and his subsequent determination from the Lafayette Police Department as a result. When examining the record, there was testimony from Chief Craft that Mr. Poiencot was terminated as a result of three administrative investigations. An objection was lodged by appellant.

> The Board, after examination of the evidence, concluded that the actions of Mr. Poiencot warranted his termination. They voted 5-0 upholding the termination of Mr. Poiencot. The Board's decision to have one hearing does not in and of itself lead the court to find that the Board did not act in good faith and for cause. No authority was cited by appellant to support that the Board must proceed with a separate trial for each investigation. The Board chose to act in an efficient manner and hear all matters that were consistent and employed the same form of procedure. Further, this court does not find any manifest error that would cause this court to overturn the Board's factual conclusions. This court finds that the Board acted in good faith and for cause in the termination of Mr. Poiencot.

A final judgment was issued affirming the actions of the Board. Poiencot has appealed that judgment to this court, asserting in his lone assignment of error that the district court "was manifestly erroneous in finding that the Board acted in good faith and had legal cause to uphold Mr. Poiencot's employment termination by the [Appointing Authority]." For the following reasons, we affirm the judgment of the district court.

# ANALYSIS

Louisiana Revised Statutes 33:2501(A) provides the procedure for appeals by civil service employees to the Board:

> Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

In the event of an appeal of the Board's decision rendered under Subsection A, Subsection E provides a procedure to appeal the Board's decision to the district court. Specifically, La.R.S. 33:2501(E)(1) provides:

> Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.

The standard of review for appealing the Board's decisions to the district court is set forth in La.R.S. 33:2501(E)(3), and provides as follows:

> This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds and except as provided in Subsection D of this Section.

In *Moore v. Ware*, 01-3341, pp. 7-8 (La.2/25/03), 839 So.2d 940, 945-46, the Louisiana Supreme Court explained the standard of review required for an appellate court, as follows:

> If made in good faith and statutory cause, a decision of the civil service board cannot be disturbed on judicial review. *Smith v. Municipal Fire & Police Civil Service Bd.*, 94-625 (La.App. 3 Cir. 11/02/94), 649 So.2d 566; *McDonald v. City of Shreveport*, 655 So.2d 588 (La.App. 2 Cir.1995). Good faith does not occur if the appointing authority acted arbitrarily or capriciously, or as the result of prejudice or political expediency. *Martin v. City of St. Martinville*, 321 So.2d 532 (La.App. 3 Cir.1975), *writ denied*, 325 So.2d 273 (La.1976). Arbitrary or capricious means the lack of a rational basis for the action taken. *Shields v. City of Shreveport*, 579 So.2d 961, 964 (La.1991);

*Bicknell v. United States*, 422 F.2d 1055 (5 Cir.1970). The district court should accord deference to a civil service board's factual conclusions and must not overturn them unless they are manifestly erroneous. *Shields v. City of Shreveport*, 565 So.2d 473, 480 (La.App. 2 Cir.), *aff'd*, 579 So.2d 961 (La.1991). Likewise, the intermediate appellate court and our review of a civil service board's findings of fact are limited. *Shields*, 579 So.2d at 964. Those findings are entitled to the same weight as findings of fact made by a trial court and are not to be overturned in the absence of manifest error. *Id*.; *City of Kenner v. Wool*, 433 So.2d 785, 788 (La.App. 5 Cir.1983).

In his brief to this court, Poiencot argues he was terminated as a result of AD2012-007 and not AD2012-010 and AD2012-012. The record reflects the September 12, 2012 termination letter sent to Poiencot pertaining to AD2012-007 also listed the violations of AD2012-010 and AD2012-012. All three investigations were combined for the scheduled hearing as evidenced by the September 12, 2012 letter.

Poiencot calls our attention to the fact that three separate Personal Action Forms (PAF's) were initially submitted to the Office of the State Examiner. However, during the hearing Chairman of the Board, Jason Boudreaux, specifically stated he refused to sign the three separate PAF's, and would only sign the one PAF which combined all three investigations. Chairman Boudreaux specifically noted a PAF is "not valid unless I sign it, or in my absence, the vice-chairman." Thus, the record does not advance Poiencot's argument that he was terminated three times. The only signed PAF in the record is one that combined all three investigations, supporting the finding that Poiencot was terminated once following the probe into all three Internal Affairs' investigations.

We also find Poiencot's assertion that the Board reversed the termination in AD2012-007, thus making the affirmances of AD2012-010 and AD2012-012 null and void, is not supported by the record. Poiencot maintained in brief and before this court that a motion was made to reverse the termination in AD2012-007 and

6

seconded and passed by the other members of the Board. A review of the transcript belies this argument:

CHAIRMAN BOUDREAUX:
Okay. What are the wishes of the Board?

MR. FORSYTH:
I'd like to make a motion that the letter - - just charge Scott [Poiencot] with AD2012-010 and AD2012-012, and that AD2012-007 be removed, and that I can't vote for it. I can't vote for something that contains all three, but I can vote for those two, but I can't vote for the first one.

CHAIRMAN BOUDREAUX:
So. . .

MR. FORSYTH:
That's my motion, that it be amended.

SGT. LEBRETON:
I'm not sure we can delete a portion of a file submitted to us.

MR. CORRY:
It's already been accepted.

SGT. LEBRETON:
I wouldn't say you can support two of three claims or allegations in a hearing and not support one, but I don't know that we can order or make it not appear on the record.

MR. FORSYTH:
How would that motion - -

CHAIRMAN BOUDREAUX:
So what - - if I understand - - I'm going to try to understand what you're saying. I don't want to put words in your mouth, please. So what you're saying is you want to uphold the City's termination, but you're only in support of –

MR. FORSYTH:
010 and 012.

CHAIRMAN BOUDREAUX:
010 and 012?

MS. HATTAN:
The motion, it would then be to uphold, to find that the Chief acted in good faith and for cause, that is the issue you can rule on, and then when you give your reasons for ruling, it would be part of the record why you voted the way you did. It gets transcribed with the rest of the - -

7

MR. FORSYTH:
　　Okay.

CHAIRMAN BOUDREAUX:
　　Okay, so your motion is to uphold the Appointing Authority's termination that he acted in good faith and for cause?

MR. FORSYTH:
　　Yes, in two of them.

SGT. LEBRETON:
　　I would second the motion to affirm the action of the Appointing Authority.

MR. GOODE:
　　I'm sorry?

SGT. LEBRETON:
　　I would second the motion to affirm the action of Chief Craft, affirm the termination.

CHAIRMAN BOUDREAUX:
　　Okay.  A motion and a second, call the role.

MS. ARNAUD:
　　Okay, Ralph?

MR. PETERS:
　　Yes.

MS. ARNAUD:
　　Craig?

MR. FORSYTH:
　　Yes.  And I want to state for the record that I am supporting the AD2012-010 and AD2012-012, but not the AD2012-007.

MS. ARNAUD:
　　Jason?

CHAIRMAN BOUDREAUX:
　　Yes.

MS. ARNAUD:
　　Guy?

SGT. LEBRETON:
　　I would say yes, and I would like to add it's my belief that all three allegations were substantiated, . . .

The transcript clearly reveals the only Board member who voiced any disagreement with the termination being based on AD2012-007 was Craig Forsyth.

The other four members approved of Poiencot's termination, and made no reference to any disagreement with AD2012-007. Forsyth asked that Poiencot's termination be amended, and that any reference to AD2012-007 be "removed." After additional discussion, it was questioned whether AD2012-007 could be removed from the record. Forsyth acknowledged he wished to uphold Poiencot's termination, but only as to AD2012-010 and AD2012-012. The motion that was put forth to the Board did not involve any reversal of AD2012-007, as Poiencot mistakenly contends, but instead was "to uphold the Appointing Authority's termination that he acted in good faith and for cause." All five Board members approved of the motion to uphold the termination, with only Forsyth noting he supported termination only as to AD2012-010 and AD2012-012, and not AD2012-007. Thus, only one Board member voiced any concern with AD2012-007 and all five Board members voted to uphold the Appointing Authority's termination of Poiencot. Accordingly, Poiencot's contention that the Board reversed his termination as to AD2012-007 is factually erroneous.

A review of the hearing before the Board establishes Poiencot's termination by the Appointing Authority was unanimously approved. The district court concluded the Board's decision to have one hearing was not done in bad faith and without cause. Poiencot has cited no legal authority to support his position on appeal that the Board should have proceeded with a separate hearing for each investigation. We find no error in the district court's finding that the Board chose to act in an efficient manner. The district court also found no manifest error which would allow it to overturn the Board's factual conclusions that the Board acted in good faith and with cause in upholding the termination of Poiencot. Likewise, we find nothing in the record to disturb that conclusion on appeal.

9

**DECREE**

For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to appellant, Scott Poiencot.

**AFFIRMED.**